D. M. MEREDITH, *Administrator*, *v.* FIRST NATIONAL
BANK OF TULLAHOMA.

{(*Nashville.*    December Term, 1912.)

1. ADMINISTRATION.   Power   of   chancery   court   to   accept
resignation of administrator and to appoint another in pending
administration settlement suit.

Under section 3973 of Shannon's Code, the chancery court has
authority, when it has cognizance of the settlement of an estate
which an administrator represents, to accept his resignation,
and appoint an administrator in his stead.   Under section 3943
of said Code, the chancery court may also appoint an adminis-
trator after six months from an intestate's death where no one
will apply or can be procured to administer on his estate; and
may appoint administrators for the special cases provided for
under section 3954 of said Code.   (*Post, pp.* 70, 71.)

Code cited and construed:   Secs. 3943, 3954, 3973 (S.); secs.
3050, 3078 (M. & V.); secs. 2209, 2237 (T. & S. and 1858.)

2. MULTIFARIOUSNESS.   Bill to recover double the amount of
usury paid to a national bank at different times and on different
notes, loans, or transactions is not multifarious.

Under the statute (Shannon's Code, section 6137), providing that
"the uniting in one bill of several matters of equity, distinct
and unconnected, against one defendant, is not multifarious-
ness," the bill or suit in the nature of an action of debt to re-
cover from the defendant, a national bank, double the amount
of usurious payments made at different times and on different
instruments or different transactions, is not multifarious.
*Post, pp.* 71, 72, 74.)

Code cited and construed:   Sec. 6137 (S.); sec. 5070 (M. & V.);
sec. 4227 (T. & S. and 1858).

Meredith v. Bank.

3. USURY. Bill for its recovery stating amount and dates is sufficient without stating particular notes or transactions.

A bill in the nature of an action of debt to recover from a national bank double the amount of usury paid in excess of legal interest on different notes between the dates named, with allegations of the dates and amounts of the payments, and that they were paid in excess of legal interest, and knowingly received by defendant as such, gave the defendant sufficient notice of the complainant's claim, for it was not necessary to state the particular notes or transactions in which the payments were made, that being a matter of evidence, (*Post, pp.* 71, 72, 74.)

Case cited and approved: Guild v. Bank, 4 S. D., 566.

4. CHANCERY PLEADING AND PRACTICE. Bill stating cause of action is sufficient.

All that is required of any bill is that, when fairly construed, it shall state a cause of action against the defendant. (*Post, p.* 74.)

5. SAME. Bill to recover from national bank double amount of usury is demurrable for not alleging that it was knowingly received as such.

A bill in the nature of an action of debt to recover from a national bank double the amount of usury paid in excess of legal interest is demurrable for not alleging that the usury in excess of legal interest was knowingly received by the defendant as such. (*Post, p.* 75.)

6. SAME. Bill to recover usury alleging a lump sum without dates or specific payments is demurrable, though connected with undemurrable parts.

A bill in the nature of an action of debt to recover from a national bank double the amount of usury paid in excess of legal interest is demurrable for simply alleging that a lump sum was paid as usury in excess of legal interest, without alleging dates and specific payments; and the demurrer will be sustained, though connected with other allegations as to usury which are not demurrable. (*Post, pp.* 72, 75.)

7. **SAME.** **Demurrer covering whole bill and not good as to all of it will be overruled, unless it would narrow litigation to sustain it as far as good.**

As a general rule, a demurrer covering the whole bill, if not good as to all of it, must be overruled, but where it will narrow the litigation, the court will sustain the demurrer to that part of the bill to which it is good, and will in other respects overrule it. (*Post, pp.* 75, 76.)

Cases cited and approved: Riddle v. Motley, 1 Lea, 468, 473; Puckett v. Richardson, 6 Lea, 65; Parks v. Railroad, 13 Lea, 9; Berry v. Wagner, 13 Lea, 599; Ballentine v. Pulaski, 15 Lea, 650.

8. **SAME.** **Surplusage in a bill is not ground for demurrer.**

Where the matter to which the demurrer is directed is mere surplusage in the bill, both the surplusage and demurrer thereto must be disregarded as impertinent matters. (*Post, p.* 76.)

---

FROM WHITE.

---

Writ of error from the Chancery Court of White County.—T. M. McConnell, Chancellor.

Robinson & Fancher and Jarvis & Story, for complainant.

Ewin L. Davis and G. B. Murray, for defendant.

---

Mr. Justice Neil delivered the opinion of the Court.

It is not true that the chancery court has power to appoint an administrator only in two cases—that provided for in section 3943 of Shannon's Code, where six months from the death of an intestate has elapsed and no person will apply or can be procured to administer

on his estate, and that provided for under section 3954, wherein the appointment of an administrator for the special case is authorized. There is still a third case provided for under section 3973. Under this section, the chancery court is given authority, when it has cognizance of the settlement of an estate which an administrator represents, to accept his resignation, and appoint an administrator in his stead. Such was the present case. The chancery court of White county therefore had jurisdiction to appoint W. F. Dibrell to succeed D. M. Meredith upon resignation of the latter; that court having at the time cognizance of the settlement of the estate of J. L. Dibrell, deceased, under an insolvency proceeding pending therein. The motion to dismiss the writ of error on this ground must be overruled.

The original bill alleges that defendant is indebted to complainant as administrator of J. L. Dibrell as follows: "That for the last several years (bill filed July 29, 1909) said deceased has been indebted to defendant on various notes executed by him to said bank, and said notes being renewed from time to time, one being for $4,500, one for $2,000, and other notes, on which interest was paid in advance at various times at a rate greater than the rate allowed by law, to wit, greater than six per cent:, and perhaps as much as ten per cent. per annum, said note being in each instance usurious, and said interest amounting to $1,500, paid within the last two years, all of which was paid by said deceased and was knowingly received by said bank. That the

following payments with others of such usurious interest were made by checks of the dates and amounts, viz.: August 31, 1900, $90; same date, $100; January 2, 1909, $90; February 22, $63.35; April 12, $126.67; July 24, $168.90; November 8, $13.33; March 14, 1910, $60. On November 8, 1909, another check was issued and paid by said deceased for $5,030.34, which was partly in payment for said loans, but at least $30.34 was paid on said usurious interest. Also other payments were made of said usurious interest by said deceased, some of which were retained out of the face of the notes by said bank at the time of their execution. Complainant charges that defendant is indebted to him by reason of said usurious transactions within the last two years, in the sum of $3,000, being twice the amount of interest paid defendant by J. L. Dibrell, deceased, on said notes or loans, said interest being in excess of the rate of six per cent. allowed by law. This suit is brought in the nature of an action of debt under Revised Statutes of the United States, secs. 5197, 5198 (U. S. Comp. St. 1901, p. 3493)."

On objection by demurrer to the effect that the allegations were not sufficiently special to charge defendant, an amendment was made which was, in substance, that owing to the death of J. L. Dibrell, and want of information on the part of his administrator, the allegations could not be made more definite, except in the particular that the rate paid was eight per cent.; that the specifications by date and amount in the original bill running from August 31, 1908, to and including

March 14, 1910, were payments of interest made by J. L. Dibrell to defendant of the amounts and dates shown, and were made on loans of said bank to said Dibrell.

Many grounds of demurrer were filed to the bill as amended.  They presented the following objections: "(1) That the bill does not set out in detail, and with particularity, the different transactions or notes, and the dates and amounts thereof, and the various renewals thereof, the exact amount of usury paid on each note, and such renewals thereof.  (2) That the part of the bill alleging generally an indebtedness of $1,500 for usury is too vague.  (3) The bill fails to aver sufficient facts from which the court can see that any one of the eight items from August 31, 1908, to March 14, 1910, is usury, or contains usury of any definite amount.  These grounds of demurrer are numbered from 1 to 8, inclusive, but it is believed that the three statements we have made cover all of the points except that contained in the eighth, which is not properly matter of demurrer at all, covering as it does matter which is mere surplusage in the bill.

There was also a demurrer to the original bill containing fourteen grounds of which Nos. 6 to 13, inclusive, were sustained by the chancellor, with leave to amend as stated.  All of these grounds were the same in substance as the three above set forth, with the exception of No. 12, which was: "The statement as to the $30.84 on page 2 of said bill is one of surmise and supposition, and not of fact as the statement shows.  It is not shown, how, when, in what way, or on what transaction

this $30.34 represented illegal interest or contained the same. The transaction should have been stated in detail." And except No. 6, which was that the bill was multifarious, because the several amounts of usury claimed could not be sued for in one and the same bill.

The chancellor sustained all of the grounds of demurrer to the bill as amended, and thereupon the case was brought to this court on writ of error by petitioner, W. F. Dibrell, whereupon he assigned error.

The demurrer on the ground of multifariousness must be overruled. The suit may be brought in the nature of an action of debt, and our Code provides that "the uniting in one bill of several matters of equity, distinct and unconnected, against one defendant, is not multifariousness." Shannon's Code, sec. 6137.

We think the demurrer must be overruled as to the items from August 31, 1908, to March 14, 1910. Amounts and dates of payment are given. It is alleged they were paid as interest in excess of six per cent., the lawful rate, and knowingly received as such by the defendant. This was sufficient to put the defendant on notice, as to the claims it was required to defend against. All that is required of any bill is that, when fairly construed, it shall state a cause of action against the defendant. It was not necessary to state the particular note or transaction in which the payment was made. That is a matter of evidence. No authority has been cited on the special point, and we have ourselves discovered none except the case of *Guild* v. *Deadwood First National Bank*, 4 S. D., 566, 57 N. W., 499. In that case it was

held that a complaint was good, under the statute in question, which stated the amount and time of payment, that it was for interest in excess of the legal rate, and was knowingly received as interest.

The demurrer as to the $30.34 should be sustained. The amount and time of payment are given, but as to this item it is not alleged that it was knowingly received by the defendant bank as interest in excess of the legal rate.

The remaining grounds of demurrer are sustained to the general charge that $1,500 were paid for usurious interest. Neither dates nor specific payments are given in the allegation, but merely a lump sum composed of unspecified items covering two years. There is a demurrer directed to this part of the bill alone. Perhaps, however, this demurrer is erroneously drawn because directed to a part of the bill which is not separable from what follows. Assuming this to be true, it is insisted for defendant that the demurrer covering this general allegation as to the $1,500 claimed is so broad as to cover the whole bill, and, not being good to the whole, must for that reason be overruled. Such is the general rule, but it has an exception to the effect that this court, when such a course will narrow the litigation, will sustain the demurrer as to the part of the bill to which it is good, and will in other respects overrule it. *Riddle* v. *Motley*, 1 Lea, 468, 473; *Puckett* v. *Richardson*, 6 Lea, 65; *Parks* v. *Railroad*, 13 Lea, 9, 49 Am. Rep., 655; *Berry* v. *Wagner*, 13 Lea, 599; *Ballen-*

*tine* v. *Pulaski,* 15 Lea, 650.   That course will be taken with the demurrer in question.

The result is the demurrers are sustained in all respects except as to the items set out in the bill covering the dates from August 31, 1908, to March 14, 1910.

The decree of the chancellor will accordingly be so modified, and the cause will be remanded for answer and further proceedings in respect of said items.

The costs of the writ of error will be equally divided between the complainant and the defendant.

We are not to be understood as passing on the eighth ground of demurrer to the bill as amended.   The matter to which this demurrer was directed was mere surplusage in the bill.   Both surplusage and demurrer thereto must on this hearing be disregarded as impertinent matters.