C. B. Clay *et al.*, Complainant, Appellant, *v.* Peoples Finance & Thrift Co., Defendant, Appellee.*

(*Nashville,* December Term, 1929.)

Opinion filed, March 15, 1930.

T. B. PASSMORE and J. O. BOMER, JR., for complainant, appellant.

C. A. DAVIS, for defendant, appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

On April 25, 1927, C. B. Clay and others executed an instrument reciting that for value received they jointly and severally promised to pay to the order of the Peoples Finance & Thrift Company of Memphis the sum of $200, with interest from maturity until paid, in fifty weekly installments of $4 each. The instrument also contained the following: "To secure payment hereof we and each of us hereby irrevocably empower any attorney or any officer of the Peoples Finance & Thrift Company, at any time

hereafter to appear for us, either or any of us, in any court, in term or vacation, and to confess judgment against us each, or any of us, without process, etc., etc.''

The bill in this case filed by Clay and certain of his co-makers alleged that on July 26, 1929, they gave written notice to defendant People Finance & Thrift Company of revocation of the power of attorney to the attorneys or agents of said defendant to confess judgment upon said obligation; that notwithstanding said notice a certain attorney of said defendant went before a justice of the peace of Shelby County on August 6, 1929, and confessed judgment in favor of said defendant against complainants for the sum of $150.09; and that said defendant was undertaking to enforce said judgment by process of law. It was further stated in the bill that the complainants had paid the said defendant more than $100 on this $200 indebtedness. Complainants sought an injunction to restrain the defendant from taking any steps toward the collection of said judgment.

The chancellor declined to grant an injunction and dismissed the bill, from which decree the complainant Clay appealed, and has assigned errors.

It is first said that the power of attorney which the instrument sued on undertook to confer upon any attorney or officer of the defendant is too general and indefinite to be valid and *Carlin* v. *Taylor,* 75 Tenn. (7 Lea), 666, is cited for this proposition. In that case the power ran to ''any attorney of record within the United States or elsewhere.'' Here the power is conferred upon ''any attorney or any officer of the Peoples Finance & Thrift Co.'' The defendant here is a corporation and must act always through some agent. We think the power under consideration is merely a power conferred upon such an

agent of a particular corporation as the latter may designate and that such power is not void for uncertainty.

The next contention is that the power of attorney conferred was revocable, that the complainants were entitled to revoke said power as they attempted in the written notice heretofore mentioned, and that the exercise of the power thereafter undertaken, notwithstanding said notice, was unauthorized.

In *Moyers* v. *Graham*, 83 Tenn. (15 Lea), 57, the court said: "A power of attorney, although in terms irrevocable, may nevertheless be revoked, subject to damages for the breach of any contract therein."

This is the general rule. In *Moyers* v. *Graham, supra,* the court had before it a power of attorney conferring authority for the prosecution of a claim against the government. The rule stated, however, has exceptions.

"Where a letter of attorney forms a part of a contract, and is a security for money, or for the performance of any act which is deemed valuable, it is generally made irrevocable in terms, or if not so, is deemed irrevocable in law." *Hunt* v. *Rousmanier's Administrators,* 8 Wheat., 174, 5 L. Ed., 589.

All the authorities seem to be to this effect. 2 C. J., 530; 21 R. C. L., 887.

The last insistence of the complainants is that the enforcement of the confessed judgment should at least have been restrained until the transaction was purged of usury.

In *Goff* v. *Dabbs,* 63 Tenn. (4 Baxt.), 300, it was held that a defendant who had confessed judgment on certain notes before a justice of the peace could not thereafter in a chancery suit raise the question of usury. The court however, took a distinction between the case before it and

cases in which a confession of judgment was part of the contract of borrowing and lending. In one case the defendant himself comes into court and confesses judgment without making plea. In the other case judgment is confessed against defendant by a third party authorized by contract so to do, in the absence of defendant, and without an opportunity to defendant to plead.

The distinction noted is discussed and all the authorities collected by the Supreme Court of Alabama in *Hightower* v. *Coalson*, 151 Ala., 147, 125 Am. St. Rep., 20. The court said:

"The general principle is that if a party has permitted a judgment to be taken against him, without interposing the defense of usury, he cannot invoke the powers of a court of equity for relief: (citing cases). This principle has been declared applicable to judgment by confession; but an examination of the cases reveals the fact that those were cases in which a party had been brought into court by regular process and had confessed judgment. The better opinion is that where a party embodies in his note a power of attorney to confess judgment, and the judgment is confessed, without other notice to him, while in other respects the judgment is as valid as any other judgment, yet as the power of attorney is a part of the usurious contract, and as it would be a convenient method of evading entirely the usury laws, a court of equity will open the judgment, and purge the transaction of usury: (citing cases.)"

If the complainants herein had filed a bill with proper allegations, the chancellor would no doubt have restrained the enforcement of the judgment, until the matter of usury was investigated and then have made a proper order. All that this bill avers is that the complainants

borrowed $200, paid $100, that the note ran a little over two years, and that judgment was confessed for $150.09. This is not sufficient. A bill which merely charges that a lump sum composed of unspecified items covering two years, and which does not set out dates nor specific payments, is bad on demurrer and cannot be maintained as a bill to recover usury. *Meredith* v. *Bank,* 127 Tenn., 68.

The decree of the Chancellor is affirmed.