[Civ. No. 6590. Second Appellate District, Division One.—May 22, 1931.]

DENNIS CARLTON, Trustee, Respondent, v. M. W. MILLER et al., Appellants.

274

Frazier McIntosh and Kenneth W. Kearney for Appellants.

Nichols, Cooper & Hickson for Respondent.

BISHOP, J., *pro tem.*—A judgment in plaintiff's favor entered in the circuit court, Livingston County, Illinois, is made the basis of this action. From the new judgment rendered in a superior court of this state, the defendants appeal, insisting that the judgment sued on is void because the Illinois court never acquired jurisdiction of the parties, and further, that plaintiff has no capacity to sue in this state. We find neither position defensible.

It appears from the evidence that Herbert A. Miller, a defendant, but not one of the appellants, was in some sort of financial difficulty with the town of Reading, Illinois, and the appellants, his parents, signed a note for $12,000 made payable to "Dennis Carlton, Trustee", and sent it back to their son in Illinois. Dennis Carlton was incidentally supervisor of and, as such, treasurer of the road and bridge fund for the town of Reading. By ar-

rangements made between the attorney for Reading and counsel for appellants and their son, it was provided that the plaintiff was to act as trustee for the town in the matter. The note not being paid, plaintiff brought suit upon it, recovering judgment for almost $9,000.

Appellants'. challenge to plaintiff's appearance in our courts is placed on the ground that he is a committee of another government within the meaning of section 1913 of the Code of Civil Procedure, where it is said: "The effect of a judicial record of a sister state is the same in this state as in the state where it was made, except that it can only be enforced here by an action or special proceeding, and except, also, that the authority of a guardian or committee, or of an executor or administrator, does not extend beyond the jurisdiction of the government under which he was invested with his authority." So far as we are apprised, there has been no interpretation by an appellate court of the word "committee", as used in this section. The definition of this word as used in law is given in Funk and Wagnalls Standard Dictionary as follows: "A person or persons appointed by a court to the care of the person or property of another, as in the case of a lunatic or infant: a guardian." In the following cases, offered by way of illustration, a "committee" is found to be the guardian of an insane person: *Lloyd* v. *Hart*, (1846) 2 Pa. St. 473 [45 Am. Dec. 612]; *People* v. *Commissioners*, (1885) 100 N. Y. 215 [3 N. E. 85]; *Re Burley and Livingston*, (Ontario 1923) 2 D. L. R. (1924) 997. Both by accepted meaning and context, the "committee" referred to in section 1913 of the Code of Civil Procedure is a guardian appointed by the court or holding office under statute, and is not one to whom responsibility may have been committed by private individuals. Plaintiff is not such a committee, and for aught that appears has legal capacity to sue in our courts.

No doubt is expressed that the Illinois circuit court had jurisdiction of the subject matter of the action, appellants' position being that it did not have jurisdiction of their persons because of the fact that they were never served with process and at all times remained residents of Los Angeles County. In arriving at the conclusion that the court had jurisdiction of the persons, as well as of the

subject matter, we are not unmindful of the rule that the full faith and credit which the federal Constitution requires each state shall give the judicial proceedings of sister states does not preclude the courts of one state from raising a question as to the jurisdiction of those of another, but that a judgment of a sister state may be collaterally attacked on the ground of want of jurisdiction, even to the extent of contradicting matters recited in the judgment. (*First Nat. Bank* v. *Terry*, (1930) 103 Cal. App. 501, and cases cited, page 508 [285 Pac. 336].) █ It is well settled, furthermore, that a personal judgment may not be recovered against a nonresident who has neither been personally served nor appeared in the action. (*Belcher* v. *Chambers*, (1879) 53 Cal. 635; *Mudge* v. *Steinhart*, (1888) 78 Cal. 34 [12 Am. St. Rep. 17, 20 Pac. 147]; *Pennoyer* v. *Neff*, (1878) 95 U. S. 714 [24 L. Ed. 565].) Defendants were not personally served. There remains the question, therefore, did the appearance made on their behalf give the court jurisdiction? Though the facts recited in the record may be contradicted, until this is done, they tell the story. (*Estate of Hancock*, (1909) 156 Cal. 804 [134 Am. St. Rep. 177, 106 Pac. 58]; *Steinbroner* v. *Steinbroner*, (1916) 30 Cal. App. 673 [159 Pac. 235].) █ In this particular the record from Illinois stands unchallenged, the appellants' contention being not that it recites what is untrue, but that its recitals do not reveal that the court had jurisdiction. Turning to the record from our sister state, we find that in vacation during the January term a *narr. and cognovit* with note attached were filed in the circuit court. The *narratio* set out a cause of action in "Trespass on the case on promises." The *cognovit* recited that the three defendants, including appellants here, came by R. B. Phillips, attorney, and could not deny that the plaintiff should recover. This confession of judgment was signed by "R. B. Phillips, Defendant's Attorney." The note, so far as we need consider its terms, is dated "Streator, Illinois" and by it appellants and their son engage to pay plaintiff "at the Streator National Bank of Streator, Illinois", $12,000. It further recites: "And I hereby irrevocably authorize Arthur H. Shay, or any other attorney at law, to appear for me in any court of record at any time hereafter, in

term time or vacation, waive service of process and confess a judgment against me . . . and also to file a *cognovit* for said amount . . . ''

The noose a debtor places about his neck by such an instrument is loosened whenever there is a failure to abide strictly by the terms of the authority given. (*Wieler* v. *Diver*, (1922) 78 Ind. App. 26 [134 N. E. 495]; *Grover etc Machine Co.* v. *Radcliffe*, (1880) 137 U. S. 287 [34 L. Ed. 670, 11 Sup. Ct. Rep. 92].) It is the law, however, that where, as in this case, the authority given is exercised according to the terms of the instrument, there is a valid appearance, and the judgment which follows will be honored in the other states, although there was no service of process, and no appearance other than authorized. In *Egley* v. *Bennett & Co.*, (1924) 196 Ind. 50 [40 A. L. R. 436, 145 N. E. 830], a judgment was recovered in the Circuit Court, Livingston County, Illinois, against a nonresident, on a note executed out of the state but payable within, the note containing the same authority to confess judgment provided in the note in this case. The Indiana Supreme Court upheld the judgment of its own circuit court based on this Illinois judgment. Following the report of this decision in 40 A. L. R. 441, there is listed a number of cases, all to the same effect. (See, also, *Rubin* v. *Dale*, (1930) 156 Wash. 676 [288 Pac. 223], where an Illinois judgment following a plea in trespass on the case on promises is discussed and upheld.)

Nor do we find that the provision of the note which authorized ''H. Shay, or any other attorney at law, to appear for me in any court of record'', to be so broad that ''it is void for its comprehensive uncertainty''. In *Carlin* v. *Taylor*, (Tenn. 1881) 7 Lea, 666, a note empowering ''any attorney of record within the United States or elsewhere to appear'' was so characterized. Mindful of this decision, the court in *Clay* v. *People's etc. Co.*, (1930) 160 Tenn. 390 [25 S. W. (2d) 578], nevertheless held a reference to ''any attorney or officer'' of a named corporation to be certain enough. The point was not discussed, but in the following cases notes with terms identical with ours so far as concerns the matter under discussion, were found sufficient upon which to rest judgments by confession: *Gundlach* v. *Park*, (1918) 140 Minn.

78 [165 N. E. 969, 167 N. W. 302]; *Ashby* v. *Manley,* (1921) 191 Iowa, 113 [181 N. W. 869]; *Long* v. *Coffman,* (1923) 230 Ill. App. 527; *Egley* v. *Bennett & Co., supra.* We are of the opinion the note authorized the appearance which was made on appellants' behalf, and that the court had jurisdiction to enter the judgment upon which recovery was given in our trial court.

The judgment is affirmed.

CONREY, P. J., and HOUSER, J., Concurring.—We concur in the judgment, not only for the reasons above stated, but for an additional reason. ■ It does not appear that when Mr. Phillips, as an attorney at law, appeared as attorney for the defendants, his right so to do was dependent exclusively upon the authorization contained in the note. The fact that the defendants were not served with summons does not prove that they were not informed in advance that the action would be instituted. In the absence of evidence to the contrary, it should be presumed that they directly instructed Phillips to appear for them.