[No. A049617. First Dist., Div. Five. Nov. 19, 1990.]

COMMERCIAL NATIONAL BANK OF PEORIA, Plaintiff and Respondent, v.
BYRON L. KERMEEN, Defendant and Appellant.

**COUNSEL**

Byron L. Kermeen, in pro. per, for Defendant and Appellant.

Connie F. Tietze for Plaintiff and Respondent.

## OPINION

LOW, P. J.— ██ We hold that a California judgment may not be based solely on a sister state judgment obtained pursuant to a cognovit clause[1] in a preprinted bank promissory note, where the debtor received no notice or opportunity to be heard in the foreign action and there is nothing in the record to show these rights were voluntarily and knowingly waived.

Byron L. Kermeen appeals from the denial of his motion to vacate a judgment based on a sister state money judgment. (Code Civ. Proc., §§ 1710.25, 1710.40.) We reverse and order the judgment vacated.

In April 1981 Kermeen borrowed $34,625.52 from a predecessor of the Commercial National Bank of Peoria (the Bank). The loan was due in 180 days and was secured by certain property designated by numbered collateral receipts.

The preprinted note included the following paragraph: "And further to secure the payment of this note, the undersigned upon nonpayment of this note when due hereby irrevocably make any attorney at law their attorney for them and in their name, to appear in any Court of Record, to waive service of process, and in term time or vacation confess a Judgment on this note in favor of the payee or holder hereof against the undersigned for such sums as shall at such time appear to be unpaid hereon, together with costs, reasonable attorney fees and collection expenses; and consent to the immediate issuing of execution upon such Judgment when confessed. Presentment, demand, protest, notice of dishonor, and extension of the time without notice are hereby waived."

On January 15, 1982, the Bank filed an action in Peoria County, Illinois, seeking the entire amount of the note, plus interest and attorney fees. On the same day an attorney named Timothy Bertschy appeared for Kermeen, waived service of process, confessed judgment and waived all other rights "as authorized in the warrant of attorney." Still on the same day the Circuit Court ordered judgment and immediate execution.

The Bank applied in the Contra Costa County Superior Court for entry of judgment on a sister state judgment. Kermeen received notice of entry of

---

[1] "Cognovit" is short for *cognovit actionem*, "[h]e has confessed the action." A "cognovit note" authorizes an attorney to confess judgment against a debtor, operating as a warrant of attorney and a direction by the debtor that judgment be entered against him if the obligation set forth in the note is not paid. (Black's Law Dict. (5th ed. 1979) pp. 235-236.) We deal here with a cognovit note.

judgment at his Danville address, and filed a motion to vacate the judgment under Code of Civil Procedure section 1710.40.[2] In an attached declaration Kermeen stated that he moved from Illinois to California in 1981, that he did not know and had never communicated with the attorney who appeared for him in the Illinois court, and that he received no demand for payment and no complaint or other notice of the Illinois proceeding. The motion was denied.

A judgment entered under the summary procedures described in sections 1710.10 to 1710.65 may be vacated "on any ground which would be a defense to an action in this state on the sister state judgment." (§ 1710.40, subd. (a).) The Law Revision Commission comment to section 1710.40 explains: "Common defenses to enforcement of a sister state judgment include the following: . . . the judgment was rendered in excess of jurisdiction." (Deering's Ann. Code Civ. Proc., § 1710.40 (1981 ed.) p. 405.)

Kermeen contends the Illinois court was without jurisdiction over him because adjudication of the claim against him without any form of notice or any opportunity to be heard violated his constitutional right to due process. The question is thus whether the cognovit clause constituted a valid waiver of Kermeen's constitutional rights. (*D. H. Overmyer Co.* v. *Frick Co.* (1972) 405 U.S. 174, 184-187 [31 L.Ed.2d 124, 133-135, 92 S.Ct. 775]; *Isbell* v. *County of Sonoma* (1978) 21 Cal.3d 61, 68 [577 P.2d 188].)

In *D. H. Overmyer Co.* v. *Frick Co.*, *supra*, 405 U.S. 174, the court upheld a cognovit clause in a negotiated debt agreement between two corporations. Overmyer, a large warehousing enterprise, contracted for manufacturing and installation of equipment by the Frick Company. After Overmyer fell behind in progress payments and Frick filed mechanic's liens, the two companies entered into two successive negotiated agreements for payment of the debt and completion of the work. The first contained no cognovit clause. Subsequent negotiation led to several changes, including insertion of a cognovit clause with warrant of attorney and removal of the mechanic's liens. Overmyer failed to make payments under the new note, and Frick obtained a judgment without prior notice or hearing under the cognovit clause.

Overmyer contended it was deprived of due process by the lack of notice and hearing, and that the rendering court was without personal jurisdiction because of the lack of personal service or appearance. The court held that

---

[2] All references are to the Code of Civil Procedure unless otherwise indicated.

by agreeing to the cognovit clause in the note Overmyer had validly waived its due process rights. In so holding, however, the court explicitly relied on the particular facts of the Overmyer-Frick transaction: Overmyer was a large enterprise represented by counsel; Frick did not have greater bargaining power, and did not present the note as a contract of adhesion; to the contrary, the terms of the note, including the cognovit, were specifically negotiated between the parties; and Overmyer received substantial benefits (such as removal of the liens) in the bargain which produced the cognovit. (405 U.S. at pp. 185-187 [31 L.Ed.2d at pp. 133-135].) The court limited its holding to these and similar factual situations, noting that "where the contract is one of adhesion, where there is great disparity in bargaining power, and where the debtor receives nothing for the cognovit provision, other legal consequences may ensue." (*Id.*, at p. 188 [31 L.Ed.2d at p. 135].)

In *Isbell* v. *County of Sonoma, supra*, 21 Cal.3d 61, the California Supreme Court distinguished *Overmyer*, and found no valid waiver by confession of judgment. The county, seeking to collect alleged overpayment of welfare benefits, obtained confessions of judgment from the welfare recipients and subsequently filed the confessions with the municipal court clerk who, pursuant to sections 1132 to 1134, entered judgment without any notice or hearing. (*Id.*, at pp. 65-66.) The issue presented was "whether [the confession of judgment] itself demonstrates that the debtor has in fact made a voluntary, knowing, and intelligent waiver" of due process rights. (*Id.*, at p. 68.)

The *Isbell* court concluded that a confession of judgment, by itself, did not demonstrate a valid waiver. "Cognovit clauses most commonly appear in form contracts dictated by the party with a bargaining advantage. [Citations.] . . . . [¶] . . . [T]he debtor's assent to a contract of adhesion with a cognovit clause . . . cannot operate as a valid waiver of constitutional rights. But even if the terms of the confession are not dictated by the creditor, the drastic nature of the device—the debtor's advance waiver of all possible defenses and even the right to be notified of the existence of the proceeding—strongly suggests a substantial disparity in bargaining position and implies overreaching on the part of the creditor. Thus except in the rare case in which the cognovit agreement itself shows that it was a negotiated agreement between equal bargainers, as in *D. H. Overmyer Co.* v. *Frick Co., supra*, 405 U.S. 174, a court presented only with the verified confession of judgment cannot assume the voluntariness of any waiver of due process rights implicit in that confession." (21 Cal.3d at pp. 69-70; accord *Piercy* v. *Heyison* (3d Cir. 1977) 565 F.2d 854, 859.)

■ We conclude that the general rule announced in *Isbell*, rather than the exception recognized in *Overmyer*, governs here. As in *Isbell*, the confession of judgment contained in the note was insufficient to establish a voluntary, knowing and intelligent waiver of due process rights. This case, as far as the record shows, involves neither the equality of bargaining power nor the specific negotiation of terms, with reciprocal benefits, on which the *Overmyer* court relied.

The cognovit clause was a preprinted part of what appears to be a form note used by the Bank. This suggests that it would not have been open to separate negotiation. The purpose of the loan, and the circumstances under which the note was signed, are not shown in the record. Kermeen declared only that from 1966 to 1981 he kept both his business and personal accounts at the Bank, and repeatedly borrowed money giving the Bank short term notes. The relationship between Kermeen and the Bank is not well delineated in this record. There is nothing to show the kind of equal bargaining power present in *Overmyer*; generally a borrower, unless he borrows a great deal, is less able to dictate terms than is the lender. There is nothing in the record suggesting specific negotiation of terms as in *Overmyer*. It cannot be assumed from this record that Kermeen was even aware of the existence or significance of the cognovit clause, which is placed without special conspicuousness in the body of the note, and which is composed in language whose import would not necessarily be readily apparent to the layperson. As in *Isbell*, the use of the cognovit here suggests overreaching rather than free waiver of rights, and we cannot conclude that the waiver was voluntary or knowing.

The Bank cites *World Wide Imports, Inc.* v. *Bartel* (1983) 145 Cal.App.3d 1006 [193 Cal.Rptr. 830]. *World Wide Imports* involved a sister state judgment entered after a jury waiver, under circumstances which would not have constituted a waiver in California; it did not bear on the question of a sister state judgment entered without the fundamental due process elements of notice and an opportunity to be heard. Moreover, the court in *World Wide Imports* itself recognized that full faith and credit are not due a judgment rendered beyond the personal jurisdiction of the rendering court. (*Id.*, at p. 1010.)

The Bank also relies upon *Carlton* v. *Miller* (1931) 114 Cal.App. 272 [299 P. 738]. The defendants in *Carlton*, California residents, had executed a note with a cognovit clause and warrant of attorney, on which a judgment was obtained in Illinois without service of process on the defendants. The *Carlton* court held the Illinois judgment was within the jurisdiction of the

rendering court and hence was entitled to full faith and credit in California. (*Id.*, at pp. 275-278.) Unlike the present case, there was nothing in the *Carlton* record to show that the defendants were without actual notice of the action or that they had not specifically authorized the attorney who appeared for them in Illinois to do so. These facts were relied upon by two justices in a separate concurrence. (*Id.*, at p. 278 (conc. opn. of Conrey, P. J. & Houser, J.).) *Carlton*'s continuing precedential value, moreover, must be viewed in light of *Isbell,* which requires that we not assume the signed confession of judgment is supported by a voluntary and knowing waiver of due process rights.

*Silbrico Corp.* v. *Raanan* (1985) 170 Cal.App.3d 202 [216 Cal.Rptr. 201], is likewise of no assistance to the Bank. Judgment in *Silbrico* was entered pursuant to a stipulation settling a lawsuit. The defendant was represented by counsel, and the provision for entry of judgment on nonpayment of the agreed settlement amount was reached as part of the settlement negotiations, unlike the present case. (*Id.*, at p. 204.) In addition, the plaintiff gave defendant actual personal notice of defendant's default prior to obtaining judgment on the stipulation. (*Id.*, at p. 205.) There being no challenge to the jurisdiction of the rendering court, and the record showing "that all parties were given notice and reasonable opportunity to be heard," the sister state judgment was held entitled to full faith and credit in California. (*Id.*, at p. 208.) Lack of notice and opportunity to be heard is the central complaint here.

A cognovit with warrant of attorney in a bank's preprinted promissory note form does not, without more, show a voluntary and knowing waiver of the fundamental due process rights to notice and hearing. Without a valid waiver the trial court lacks personal jurisdiction to render judgment and order execution against the defendant. On this record we must conclude the Illinois judgment was in excess of jurisdiction and therefore not entitled to full faith and credit in California. The California judgment should have been vacated under section 1710.40.[3]

---

[3] In light of this holding we need not decide whether Kermeen is also correct that the Illinois judgment was not entitled to credit in California because it did not result from a true judicial proceeding, an argument which Kermeen bases on the case of *Atlas Credit Corporation* v. *Ezrine* (1969) 25 N.Y.2d 219 [303 N.Y.S.2d 382, 250 N.E.2d 474]. Unlike the Pennsylvania procedures considered in *Atlas,* which allow a court clerk or prothonotary to enter judgment on confession, the proceedings in the Illinois court here were before a judge.

The order denying Kermeen's motion to vacate the judgment is reversed. The superior court is ordered to vacate the judgment pursuant to section 1710.40.

King, J., and Haning, J., concurred.