IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 20, 2020 Session

## CAPITAL PARTNERS NETWORK OT, INC. v. TNG CONTRACTORS, LLC, ET AL.

**Appeal from the Circuit Court for Davidson County**
No. 17C2766      Hamilton V. Gayden, Jr., Judge

———————————————

No. M2020-00371-COA-R3-CV

———————————————

Defendants appeal the trial court's grant of summary judgment to the plaintiff corporation, the effect of which was to accord full faith and credit to a New York judgment based on a confession of judgment, or cognovit note. Defendants argue that the foreign judgment should not be enrolled in Tennessee because it is contrary to public policy, based on Tennessee Code Annotated section 25-2-101(a), which prohibits the use of prelitigation confessions of judgment and declares void any judgment based upon such a device. After reviewing the record and case law, we hold that the Constitution's full faith and credit mandate requires enrollment of the foreign judgment so long as Defendants validly waived their due process rights. Accordingly, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Benjamin E. Goldammer and Christopher B. Fowler, Nashville, Tennessee, for the appellants, Akbar Arab and TNG Contractors, LLC.

J. Michael Clemons, Nashville, Tennessee, for the appellee, Capital Partners Network OT, Inc.

John A. Bell, Jr., Nashville, Tennessee, for the appellee, M & A Development, LLC.

# OPINION

## I. FACTUAL AND PROCEDURAL HISTORY

On April 25, 2017, Defendant Akbar Arab, individually and on behalf of co-Defendants, TNG Contractors, LLC ("TNG"), and M&A Development, LLC ("M&A"), entered into an agreement for the Purchase and Sale of Future Receipts ("the purchase agreement") with Plaintiff Capital Partners Network, OT, Inc. Mr. Arab is the principal member and officer of TNG and M&A, both Tennessee LLCs, and Plaintiff is a Florida corporation. Mr. Arab also executed a personal guaranty and, personally and on behalf of TNG and M&A, he executed an Affidavit of Confession of Judgment ("the affidavit"). The affidavit, a separate document from the purchase agreement, stated, in relevant part:

> The Defendants (referred to hereinafter jointly and severally as the "Judgment Debtors/Defendants") all jointly and severally hereby Confess Judgment herein, and authorize entry of judgment against them as the Judgment Debtors/Defendants in the sum of (a) $176,250.00, less any receivables delivered, plus (b) interest thereon at 16% per annum from the date of default to the date of the entry of the Judgment, and (c) all of the costs and disbursements, and an additional sum for (d) legal fees to Plaintiff calculated at 33% of the total of all of the aforesaid sums. Such amount shall be set forth in an affidavit under oath by Plaintiff which shall be attached hereto and filed contemporaneously with this Confession of Judgment.
>   . . . Judgment Debtors/Defendants authorize entry of Judgment against each and every one of them in any and all Counties in the State of New York, as well as in each and every State, County and foreign country where they reside and/or do business at any time hereafter, which addresses are not in New York State.
>   This confession of judgment is for an obligation due to Plaintiff arising from TNG CONTRACTORS, LLC / M & A DEVELOPMENT LLC's failure to deliver to Plaintiff, TNG CONTRACTORS, LLC / M & A DEVELOPMENT LLC's accounts receivable, which were purchased by Plaintiff pursuant to the Agreement for the Purchase and Sale of Future Receipts dated April 25, 2017 (hereinafter, the "Agreement") and Debtors/Defendants' breach thereof. This Affidavit is made in connection with the Agreement and is solely for the purchase of commercial or business commodities. This Affidavit may be filed *ex parte* by Plaintiff, without further notice. Agreed-upon interest, reasonable attorneys' fees, costs and disbursements, are to be included as agreed upon by Debtors/Defendants, under the secured Agreement, of which supporting documents include a Personal Guarantee of Performance and a UCC-1 financing statement(s).

The purchase agreement set out the events that constitute a default and included a choice of law and forum selection clause that stated that New York law and courts would govern the agreement and "[a]ny suit, action or proceeding arising hereunder, or the interpretation, performance or breach of this Agreement."

On September 6, after Defendants breached the terms of the agreement, Plaintiff filed the affidavit signed by Mr. Arab in the Supreme Court[1] of Orange County, New York, and obtained a judgment by confession for $96,124.23 against Defendants.[2] Judgments by confession are authorized by statute in New York. N.Y. CPLR. 3218 (McKinney). Defendants' New York counsel argued before the New York court that the court lacked jurisdiction and that the judgment was void for failure to designate a New York county in which it could be filed. Counsel was unsuccessful in getting relief from the judgment.

On November 3, Plaintiff petitioned the Davidson County Circuit Court Clerk to enroll the foreign judgment in accordance with the Uniform Enforcement of Foreign Judgments Act ("UEFJA"), Tennessee Code Annotated section 26-6-101, *et seq*. Defendants answered the petition and moved to dismiss, asserting that the foreign judgment is void as a matter of law under Tennessee Code Annotated section 25-2-101(a), which provides, "Any power of attorney or authority to confess judgment which is given before an action is instituted and before the service of process in such action, is declared void; and any judgment based on such power of attorney or authority is likewise declared void." Following a hearing, the trial court denied the motion and held that it was "required to accord full faith and credit to the foreign judgment at issue." The trial court stayed execution on the judgment pending appeal. Following Defendants' appeal, this Court reversed and remanded, reasoning:

> In the case at bar, the [trial] court only heard the Defendants' motion to dismiss before enrolling the New York judgment. Pursuant to the UEFJA and [Tenn. R. Civ. P.] 3A, however, Defendants were entitled to a trial on the merits of the defenses to enrollment and enforcement that were raised in their Answer.

*Capital Partners Network OT, Inc. v. TNG Contractors, LLC*, No. M2018-00411-COA-R3-CV, 2018 WL 4350065, at *3 (Tenn. Ct. App. Sept. 11, 2018).

On August 2, 2019, Plaintiff filed a motion for summary judgment to enroll the

---

[1] In New York, "Supreme Court" is the name given to the trial level courts of general jurisdiction. The New York Court of Appeals is the state's highest appellate court.

[2] The record is silent as to the nature of the breach.

- 3 -

foreign judgment in Tennessee. There were no material facts in dispute, but, in response, Defendants again argued that the foreign judgment is void in Tennessee and should be denied full faith and credit because, as a judgment obtained by a pre-litigation confession of judgment, it violates Tennessee public policy. Following a hearing in which Defendants presented their defenses to enrollment and enforcement that were raised in their answer, the trial court granted Plaintiff's motion for summary judgment, reasoning that the foreign judgment at issue is valid because it was obtained in accordance with New York law which allows judgment by confession. All Defendants now appeal.[3]

The sole issue before us is whether the trial court erred in granting summary judgment to Plaintiff, according the foreign judgment full faith and credit in Tennessee.

## II. STANDARD OF REVIEW

A trial court's decision of whether to grant or deny a motion for summary judgment is a question of law; thus, our review is de novo with no presumption of correctness afforded to the trial court's determination. *Guseinov v. Synergy Ventures, Inc.*, 467 S.W.3d 920, 924 (Tenn. Ct. App. 2014) (citation omitted). Summary judgment is appropriate if no genuine issues of material fact exist, and the movant meets its burden of proving that it is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.03. Because the facts that are material to the issue raised in this appeal are not in dispute, we are tasked only with resolving issues of law, specifically, whether the New York judgment should be accorded full faith and credit in Tennessee. "[P]ersons seeking to domesticate a foreign judgment may do so using a summary judgment as long as they satisfy the trial court . . . that there are no disputes as to any material fact and that they are entitled to a judgment as a matter of law." *Biogen Distribs., Inc. v. Tanner*, 842 S.W.2d 253, 255 (Tenn. Ct. App. 1992); *Guisenov*, 467 S.W.3d at 924. A trial court's decision to grant full faith and credit to a foreign judgment is a question of law; therefore, our review is de novo upon the record with no presumption of correctness for the trial court's conclusions. *Id.* (citations omitted).

## III. ANALYSIS

Defendants assert that the foreign judgment obtained pursuant to New York law and valid in New York state should not be accorded full faith and credit because it violates the Tennessee public policy set forth in Tennessee Code Annotated section 25-2-101(a), which declares that an authority to confess judgment given before an action is instituted and before the service of process in such action is void. Defendants rely on the

---

[3] M&A, designated as an appellee, joined appellants TNG Contractors and Akbar Arab and adopted their brief in full. We could find no explanation for designating M&A as an appellee; the record shows that TNG and M&A presented the same arguments to the trial court and were equally affected by the grant of summary judgment to Plaintiff.

language of the statute itself to support their argument, claiming that it "articulates a clear, unequivocal Tennessee public policy that affidavits confessing judgment – and the judgments on which they are based – are void."

Plaintiff points out that Mr. Arab, on behalf of all Defendants, freely and voluntarily signed an affidavit of confession of judgment which granted Plaintiff the right to file it in the event of a breach, and that Tennessee law recognizes a strong public policy of individual autonomy and freedom of contract. Plaintiff states that in accordance with the United States Constitution, Tennessee courts presume that a foreign judgment is valid and that the party seeking to attack a valid foreign judgment bears a heavy burden. Plaintiff further argues that there is no strong public policy implicated by the enrollment and enforcement of a money judgment resulting from a breach of contract, and that Defendants have not specifically identified otherwise.

### A. The Constitutional Requirement of Full Faith and Credit

The Full Faith and Credit Clause of the United States Constitution provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. The Clause serves an important federal interest, as the U.S. Supreme Court has explained:

> The animating purpose of the full faith and credit command . . . "was to alter the status of the several states as independent foreign sovereignties . . . and to make them integral parts of a single nation throughout which a remedy upon a just obligation might be demanded as of right, irrespective of the state of its origin."

*Baker by Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 232 (1998) (quoting *Milwaukee Cnty. v. M.E. White Co.*, 296 U.S. 268, 277 (1935)). The clause has been codified by Congress:

> Acts, records and judicial proceedings [of any State, Territory, or Possession of the United States] . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738. Tennessee has adopted the UEFJA in Tennessee Code Annotated sections 26-6-101 through -109 to streamline the process of enrolling a foreign judgment in Tennessee, and our courts presume that "absent proper proof to the contrary . . . the decrees of the courts of record of any sister states are valid." *Four Seasons Gardening & Landscaping, Inc. v. Crouch*, 688 S.W.2d 439, 441–42 (Tenn. Ct. App. 1984).

### B. Exceptions to the Full Faith and Credit Clause

Tennessee courts have recognized three situations in which the state may refuse to apply full faith and credit to the judgment of another state: (1) where a judgment is void due to the adjudicating court's lack of subject-matter or personal jurisdiction, (2) where the judgment was based on fraud, and (3) where the enforcement of the judgment would violate the public policy of Tennessee. *E.g. Biogen*, 842 S.W.2d at 256; *Mirage Casino Hotel v. J. Roger Pearsall*, No. 02A01-9608-CV-00198, 1997 WL 275589, at *4 (Tenn. Ct. App. May 27, 1997). It is the third exception that Defendants invoke and that will guide our analysis.

The U.S. Supreme Court case *Baker by Thomas v. General Motors Corporation* concerned whether the Full Faith and Credit Clause required that a court abide by a sister state's injunction forbidding a certain witness' testimony. 522 U.S. 222, 225–26 (1998).[4] Relevant to the case at bar is the summary in *Baker* of the Supreme Court's Full Faith and Credit jurisprudence; regarding the role of public policy, the Court states:

> Our precedent differentiates the credit owed to laws (legislative measures and common law) and to judgments. . . .
> A court may be guided by the forum State's "public policy" in determining the *law* applicable to a controversy. See *Nevada v. Hall*, 440 U.S. 410, 421–424, 99 S.Ct. 1182, 1188–1190, 59 L.Ed.2d 416 (1979). But our decisions support no roving "public policy exception" to the full faith and credit due *judgments*. See *Estin*, 334 U.S., at 546, 68 S.Ct., at 1217 (Full Faith and Credit Clause "ordered submission ... even to hostile policies reflected in the judgment of another State, because the practical operation of the federal system, which the Constitution designed, demanded it."); *Fauntleroy v. Lum*, 210 U.S. 230, 237, 28 S.Ct. 641, 643, 52 L.Ed. 1039 (1908) (judgment of Missouri court entitled to full faith and credit in Mississippi even if Missouri judgment rested on a misapprehension of Mississippi law). In assuming the existence of a ubiquitous "public policy exception" permitting one State to resist recognition of another State's judgment, the District Court in the Bakers' wrongful-death action, see *supra*, at 662, misread our precedent. . . . We are "aware of [no] considerations of local policy or law which could rightly be deemed to impair the force and effect which the full faith and credit clause and the Act of Congress require to be given to [a money] judgment outside the state of its rendition." *Magnolia Petroleum Co. v. Hunt*, 320 U.S. 430, 438, 64

---

[4] The Court (J. Ginsberg) held that the Michigan injunction, which was issued in an employment dispute case, was not binding on a Missouri court in a wrongful death action in Missouri which had a different plaintiff because "a . . . [court's] decree cannot command obedience elsewhere on a matter the . . . [issuing] court lacks authority to resolve." *Baker,* 522 U.S. at 241 (citing *Thomas v. Washington Gas Light Co.*, 448 U.S. 261, 282–283 (1980)).

S.Ct. 208, 213, 88 L.Ed. 149 (1943).

*Baker*, 522 U.S. at 232–34 (emphasis in original).

Notwithstanding the Supreme Court's distinction in *Baker* between the credit owed to foreign laws and to foreign judgments, this Court has recited the public policy exception to the enrollment of foreign judgments in several post-*Baker* cases, *e.g. Guseinov*, 467 S.W.3d 920; *BancorpSouth Bank v. Johnson*, No. W2012-00452-COA-R3CV, 2013 WL 3770856 (Tenn. Ct. App. July 16, 2013); *Trustmark Nat. Bank v. Miller*, 209 S.W.3d 54 (Tenn. Ct. App. 2006); *Seiller & Handmaker, LLP v. Finnell*, 165 S.W.3d 273 (Tenn. Ct. App. 2004). Even so, we have shown reluctance to actually hold that a foreign judgment sufficiently violates our state's public policy such that the judgment should be denied full faith and credit. We have stated that the party opposing enforcement of a foreign judgment has a "stern and heavy" burden. *Seiller*, 165 S.W.3d at 277 (citation omitted). Moreover, the fact that the particular cause of action underlying a judgment is not one that is recognized in Tennessee is insufficient to give rise to a public policy exception. *E.g.* *Seiller*, 165 S.W.3d at 279; *Francis v. Francis*, 945 S.W.2d 752, 753 (Tenn. Ct. App. 1996) (holding that a North Carolina judgment resulting from an alienation of affections suit was entitled full faith and credit even though Tennessee had abolished the cause of action); *Four Seasons*, 688 S.W.2d at 445 ("[T]he judgment of the court of another state does not necessarily violate the public policy of this State merely because the law upon which it is based is different from our law.") Indeed, we have accorded full faith and credit to many judgments that were based on laws directly contrary to our own.

In *Trustmark National Bank v. Miller*, this Court affirmed a trial court's extension of full faith and credit to a Mississippi replevin judgment. The debtors in that case argued that the Mississippi judgment violated Tennessee public policy because it conflicted with Tennessee Code Annotated section 47-9-333(b) (2006) regarding which class of secured creditor has priority in goods. *Id*. This Court noted that our law regarding priority had changed over the years and was not an "age old rule" and, furthermore, stated that a foreign judgment does not necessarily violate Tennessee's public policy solely because it is based on law that differs from ours. *Id*. at 58–59 (citation omitted).

In *BancorpSouth Bank v. Johnson*, a defendant debtor challenged the enrollment in Tennessee of a deficiency judgment obtained in Arkansas, arguing that it violated the public policy of this state. 2013 WL 3770856, at *1. In that case, the plaintiff creditor, BancorpSouth, obtained a decree of foreclosure on real property in Arkansas owned by the plaintiff creditor; the decree directed a judicial foreclosure. *Id*. Prior to the foreclosure sale, the creditor bank obtained an appraisal of the property and then purchased the property at the sale for a price more than $800,000 below the appraised value. *Id*. The debtor argued that the Arkansas judgment was not entitled to full faith and

credit as it was contrary to our state's public policy in Tennessee Code Annotated section 35-5-118 "against enforcing a deficiency judgment if the sale price for property securing the debt is inadequate and so far below the market price as to shock the conscience of the Court." *Id*. at *5. Even so, this Court held that the judgment was entitled to full faith and credit, stating that we have found "no strong public policy of this state that would be implicated in an attempt to enforce a judgment on a debt," *Id.* at *6 (quoting *Tareco Props. v. Morriss*, No. M2002-02950-COA-R3-CV, 2004 WL 2636705, at *9 n.18 (Tenn. Ct. App. Nov. 18, 2004)).

Tennessee law states, "Gambling is contrary to the public policy of this state" (Tenn. Code Ann. § 39-17-501), yet foreign judgments for gambling debts amassed in other states are granted full faith and credit in Tennessee:

> [B]oth gambling and the promotion of gambling are misdemeanors, Tenn. Code Ann. §§ 39-17-502 and 503 (1997), and gambling debts incurred in Tennessee cannot be collected in Tennessee's courts. Tenn. Code Ann. § 29-19-102 (2000). However, notwithstanding Tennessee's official antipathy toward gambling, our courts have long held that judgments for out-of-state gambling debts are enforceable in Tennessee. In the words of the Tennessee Supreme Court, reducing a gambling debt to judgment "purifies the contract from the gaming taint." *Holland v. Pirtle*, 29 Tenn. (10 Hum.) 167, 169 (1849). Thus, we have consistently enforced foreign judgments for gambling debts. *Robinson Props. Group, L.P. v. Russell*, No W2000-00331-COA-R3-CV, 2000 WL 33191371, at *4 (Tenn. Ct. App. Nov. 22, 2000) (No Tenn. R. App. P. 11 application filed); *Mirage Casino Hotel v. Pearsall*, No. 02A01-9608-CV-00198, 1997 WL 275589, at *4-5 (Tenn. Ct. App. May 27, 1997) *perm. app. denied* (Tenn. Dec. 8, 1997); *Hotel Ramada of Nevada, Inc. v. Thakkar*, No. 03A01-9103-CV-00113, 1991 WL 135471, at *3-4 (Tenn. Ct. App. July 25, 1991) *perm. app. denied* (Tenn. Jan. 6, 1992). In this case, the fact that the casinos have judgments for gambling debts presents no impediment to their enrollment and enforcement by a Tennessee court.

*Boardwalk Regency Corp. v. Patterson*, No. M1999-02805-COA-R3-CV, 2001 WL 1613892, at *3 (Tenn. Ct. App. Dec. 18, 2001).

We have identified only one case in which public policy considerations precluded the enforcement of a foreign *judgment* in Tennessee:[5] In *In re Riggs*, concerning a

---

[5] In their brief, Defendants cite several Tennessee cases to support their public policy argument; however, none of the cases cited concern the enrollment and enforcement of foreign judgments. *DeLaney Furniture Co. v. Magnavox Co. of Tenn.*, 435 S.W.2d 828 (Tenn. 1968) concerns a Kentucky court's appointment of a receiver. In *Paper Products Co. v. Doggrell*, 261 S.W.2d 127 (Tenn. 1953), the Tennessee Supreme Court was called on (and declined to) enforce an Arkansas statute, not a judgment.

Georgia judgment granting the adoption of a child, this Court held that the foreign judgment was not entitled to full faith and credit because the adoption order was entered without notice of service of process on the biological father. 612 S.W.2d 461, 469 (Tenn. Ct. App. 1980). The Court stated "For this court to enforce the Georgia judgment, which is fraught with constitutional difficulties, and to deny the natural father due process of laws, would be repugnant to the Federal Constitution and the public policy of Tennessee." *Id*. We note, however, that even though we stated, "This state has a strong interest in sustaining the father-child relationship and protecting the family unit," the Court's actual analysis focused on constitutional due process interests. *Id*.

The foregoing Tennessee case law suggests an accord, in practice, with the *Baker* distinction between full faith and credit with respect to judgments as opposed to laws. Furthermore, our research has yielded no cases in which either this Court or the Tennessee Supreme Court has denied full faith and credit to a money judgment issued by a sister state.

## C. Judgments by confession and cognovit notes

There is varied and overlapping terminology used in different jurisdictions when referring to judgments by confession. A judgment by confession, sometimes called a cognovit judgment or "judgment on warrant of attorney" is "a grant of authority by one contracting party to the other, upon the happening of a certain event, *i.e.*, a breach of the terms of the agreement wherein the warrant is contained, to enter . . . a judgment." 46 Am. Jur. 2d *Judgments* § 194 (Aug. 2020 update).[6] A judgment by confession may be secured when a debtor has signed a cognovit note, which is a document or contractual clause by which he relinquishes the right to notice, a hearing, or appearance at an action to collect a judgment in the event of breach of contract. 46 Am. Jur. 2d *Judgments* § 201 (Aug. 2020 update). "The cognovit is the ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder." *D. H. Overmyer Co. Inc., of Ohio v. Frick Co.*, 405 U.S. 174, 176 (1972). Such a provision in a promissory note "cuts off every defense, except payment, which the

---

And, *In re Estate of Davis*, 184 S.W.3d 231 (Tenn. Ct. App. 2004) and *Martin v. Dealers Transp. Co.*, 342 S.W.2d 245 (Tenn. Ct. App. 1960) concern the enforcement in Tennessee of contractual provisions drafted under the laws of other states, not foreign judgments.

[6] Some authorities make the following distinction:

If the judgment confessed is with respect to a pending action, it is simply termed the judgment by confession. If the judgment confessed is made in relation to no action actually begun, it likewise is a judgment by confession, but for the purpose of distinguishing it, it is termed a judgment on warrant of attorney.

63 Ohio Jur. 3d *Judgments* § 250.

maker of the note may have against enforcement of the note." 46 Am. Jur. 2d *Judgments* § 201 (Aug. 2020 update).

In Tennessee, a judgment on warrant of attorney is only valid when made *after* an action is instituted and there has been service of process in the action. Tenn. Code Ann. § 25-2-101. Thus, cognovit notes or clauses are void under Tennessee statute. *See id.* Only a few states recognize judgment by confession by means of a cognovit note that waives service of process and a hearing.[7] One of those states is New York, where the cognovit under consideration was executed. New York Civil Practice Laws and Rules, section 3218, states, in relevant part:

> [A] judgment by confession may be entered, without an action . . . for money due . . . upon an affidavit executed by the defendant[,] stating the sum for which judgment may be entered, authorizing the entry of judgment, and stating the county where the defendant resides . . . . The judgment may be docketed and enforced in the same manner and with the same effect as a judgment in an action in the supreme court.

N.Y. CPLR. 3218 (McKinney).[8]

Tennessee courts have not previously addressed the specific issue of whether to accord full faith and credit to a judgment by confession obtained by means of cognovit from a sister state. When other jurisdictions have confronted the issue, the question has turned on whether the underlying cognovit note or clause denies the debtor due process of law. *E.g. Fiore v. Oakwood Plaza Shopping Ctr., Inc.*, 585 N.E.2d 364, 368 (N.Y. 1991) (stating that for recognition of a foreign cognovit judgment, "it must be determined that the judgment debtor made a voluntary, knowing and intelligent waiver of the right to notice and an opportunity to be heard"); *Commercial Nat. Bank of Peoria v. Kermeen*, 275 Cal. Rptr. 122, 126 (Cal. Ct. App. 1990) (denying full faith and credit to a cognovit

---

[7] Michigan courts, for example, uphold judgments by confession provided that the underlying cognovit was presented to the signer as a separate and distinct instrument rather than "inserted surreptitiously by the drafter in an attempt to mislead the unwary signer." *USA Jet Airlines, Inc. v. Schick*, 247 Mich. App. 393, 399 (2001); Mich. Comp. Laws Ann. § 600.2906 (West). Virginia recognizes cognovit notes by statute (*see* Va. Code Ann. § 8.01-432 (West); *Pate v. S. Bank & Tr. Co.*, 203 S.E.2d 126, 128 (Va. 1974)), as does Ohio (*see* Ohio Rev. Code Ann. § 2323 (West); *Henry Cty. Bank v. Stimmels, Inc.*, 992 N.E.2d 1153, 1159 (Ohio Ct. App. 2013)). In the states in which they are recognized, cognovit notes are valid only in commercial transactions, as they are deemed an "unfair act or practice" in consumer transactions under Federal Trade Commission rules. 16 C.F.R. § 444.2

[8] An August 30, 2019, amendment to N.Y. CPLR. 3218 ends the use of the statute where the debtor has no residence-based connection to New York (or if not a natural person, the debtor must have a place of business in New York). The amended statute operates prospectively from the date it was passed into law, and, thus, does not bear on this cause of action. NY LEGIS 214 (2019), 2019 Sess. Law News of N.Y. Ch. 214 (S. 6395) (McKinney).

contained within "a bank's preprinted promissory note form, [because it] does not, without more, show a voluntary and knowing waiver of the fundamental due process rights to notice and hearing");  *see also N. Ohio Bank v. Ket Assocs., Inc.*, 253 N.W.2d 734, 735 (Mich. Ct. App. 1977) (stating that there is a defense to a cognovit note when "the particular notes in question and procedure employed in entry of judgment, were so repugnant to due process as to deprive the rendering court of jurisdiction").  The U.S. Supreme Court has stated that "due process rights to notice and hearing prior to a civil judgment are subject to waiver" (*Overmyer*, 405 U.S. at 185); and therefore, "a cognovit clause [in a contract] is not, per se, violative of Fourteenth Amendment due process," but that it may be so under some circumstances, such as "where the contract is one of adhesion, where there is great disparity in bargaining power, and where the debtor receives nothing for the cognovit provision" (*Id. at* 187–88).

Likewise, we hold that a foreign money judgment resulting from a cognovit note or clause that was entered into with a knowing, voluntary waiver of the right to notice and an opportunity to be heard must enjoy full faith and credit in Tennessee, in accord with the Constitutional mandate as described in *Baker*.

The record before us shows that the foreign judgment in the case at bar is a money judgment made by a New York court in accordance with the laws of that state; that the judgment was entered in accordance with the UEFJA procedures; that Defendants were afforded the opportunity to be heard by the trial court on the merits of the defenses to enrollment and enforcement of the foreign judgment, as required by the UEFJA; and that Defendants have not raised a due process issue.  Accordingly, we conclude that the New York judgment must be accorded full faith and credit.

## IV. CONCLUSION

Based on the foregoing, we affirm the trial court's grant of summary judgment in favor of Capital Partners Network OT, Inc.  Costs of this appeal are taxed to Akbar Arab, TNG Contractors, LLC, and M & A Development, LLC.  The case is remanded for such further proceedings as may be necessary and consistent with this opinion.

_____
JOHN W. MCCLARTY, JUDGE

- 11 -