**Louis H. OSMOND et al., Plaintiffs,**

**v.**

**Ernest S. SPENCE et al., Defendants.**

**Civ. A. No. 3940.**

United States District Court,
D. Delaware.

June 13, 1972.

Elwyn Evans, Jr., of the Community Legal Aid Society, Inc., Wilmington, Del., for plaintiffs, Louis H. and Marie L. Osmond, Stanley M. Burton, William L. and Jesse Mae Barbour, Stella M. (Dawkins) Townsend, Clarence W. and Shelly J. DuBois, Henry C. and Marie D. Dehoyos and Karl B. Ebert.

David Roeberg, of Sullivan, Potter & Roeberg, Wilmington, Del., for plaintiffs, John and Joan Walsh, and Joel Katz.

John M. Bader, of Bader, Dorsey & Kreshtool, Wilmington, Del., for plaintiff Robert F. Gregg.

William J. Wier, Jr., and Bertram S. Halberstadt, Wilmington, Del., for the American Civil Liberties Union, appearing in behalf of the plaintiffs as amicus curiae.

Joseph J. Longobardi, of Longobardi & Schwartz, Wilmington, Del., for defendant Ernest S. Spence.

Robert E. Daley, Asst. New Castle County Atty., Wilmington, Del., for defendants, Paul E. Neill and Eleanor Riley.

Martin I. Lubaroff, of Richards, Layton & Finger, and Eduard F. von Wettberg, III, of Morris, James, Hitchens & Williams, Wilmington, Del., for Delaware Bankers Association.

Alfred J. Lindh, of Taylor, Lindh, Paul & Biden, Wilmington, Del., for Lease Service Associates for Delaware, Inc.

Samuel Handloff, Wilmington, Del., for Signal Finance Corp. of Newark.

Frederick Knecht, Jr., Wilmington, Del., for Associates Discount Corp., Colonial of Delaware, and Cooper's Home Furnishing.

Before VAN DUSEN, Circuit Judge, and WRIGHT and LAYTON, District Judges.

## SUPPLEMENTARY OPINION.

### PER CURIAM:

On March 6, 1972, the Supreme Court vacated this Court's judgment and remanded this case for reconsideration in light of Overmyer v. Frick, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972) and Swarb v. Lennox, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972). At the request of the Court, both parties have submitted memoranda and presented oral argument concerning their respective positions regarding the effect of Overmyer and Swarb on this Court's opinion and the appropriate action to be taken by this Court under the Supreme Court mandate.

In its initial opinion (reported at 327 F.Supp. 139, 1971), this Court ruled that the Delaware statute, 10 Del.Code § 2306, authorizing the entry of judgments pursuant to notes containing cognovit clauses was unconstitutional as violative of constitutional procedural due process. The confession of judgment procedure was held to be defective since it sanctioned the recordation of judgments prior to a hearing on, and judicial determination of, the question of whether, by signing a note containing the cognovit clause, a debtor had effectively waived his constitutional right to notice and a hearing on the merits.

Subsequent to the Court's original opinion, and evidently in response thereto, the Delaware Legislature amended 10 Del.C. § 2306 to implement a new confession of judgment procedure. The amended statute insofar as it applies to judgments entered prospectively is not before the Court. In spite of the amendment, the defendants argue that the present controversy is not moot since the Court's opinion has cast doubt on the constitutionality of all judgments entered prior to the adoption of the new statute. Arguing that the holdings of Overmyer and Swarb conclusively establish the constitutionality of the original 10 Del.C. § 2306, the defendants assert that this Court should modify its opinion and order to eliminate its conclusion that the statute was unconstitutional.

After examination of the Supreme Court's opinions, this Court continues to adhere to its original conclusion and reiterates its analysis of the constitutional infirmity of the original 10 Del.C. § 2306. In Overmyer and Swarb, the Supreme Court was confronted with per se challenges to confession of judgment statutes. The issue before the Court was whether such statutes are unconstitutional on their face because " 'it is unconstitutional to waive in advance the right to present a defense in an action on a note' ", Overmyer v. Frick, supra, at 184, of 405 U.S., at 782 of 92 S.Ct. See Swarb v. Lennox, supra, at 200 of 405 U.S., 92 S.Ct. 767. Rejecting the per se claim, the Supreme Court held that the constitutional right to a notice and a hearing on the merits prior to an

entry of judgment are subject to waiver. The opinion stressed that waiver is an issue to be determined on the facts of each case. However, contrary to the defendant's contention, the Court did not decide the question of the timing of this factual determination.

■ This Court rejected a similar *per se* attack in its first opinion, and was, therefore, confronted with the waiver issue. Holding that the mere execution of a note containing a cognovit clause did not conclusively establish a waiver of a debtor's due process rights, the Court necessarily reached the question of the timing of the determination of whether a knowing and intelligible waiver had occurred. The Court's analysis is set forth at 327 F.Supp., 1353–1358, and supports its conclusion that constitutional due process requires that a judicial determination of waiver must precede entry of judgment.

■■ Reiterating what the Supreme Court has frequently held, both *Overmyer* and *Swarb* support the position that procedural due process requires that an individual be afforded notice and a hearing on the merits before entry of judgment against him. See Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); and Mullane v. Central Hanover Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). At the hearing, the alleged debtor has the right to raise whatever defenses he may have against the validity of the underlying obligation. Since a signed cognovit note does not constitute proof of an effective waiver, a hearing and judicial determination are necessary, and an understanding and voluntary waiver must be shown prior to entry of judgment. Unless a hearing is conducted on the waiver question before the judgment is entered, an alleged debtor will be deprived of his due process rights on every occasion when an effective waiver had not occurred upon initial execution of the note. The only procedure guaranteeing that such deprivation will not take place is to require hearings on the waiver issue before permitting judgments to be entered. Therefore, the Court restates its holding that the original 10 Del.C. § 2306 is unconstitutional insofar as it permitted the entry of judgments on cognovit notes prior to a hearing on the issue of whether the debtor had effectively waived his due process rights by executing the note. This holding, however, does not warrant the conclusion that all judgments entered prior to that opinion are *per se* unconstitutional and void.

■ Constitutional due process is not a hard and fast legal concept. The standards to be applied must necessarily conform to the concept of what is fair and reasonable. To hold that all judgments entered on cognovit notes prior to this Court's first opinion were null and void would be unfair and unreasonable. Such a holding would undoubtedly seriously handicap Delaware economic institutions and place a substantial administrative burden on the Courts for the reason that judgments entered upon cognovit notes which were executed by the debtor knowingly and intelligently waiving his due process rights would be no more effective to secure a creditor than judgments obtained on cognovit notes entered into by a debtor burdened with all of the infirmities protected by the due process provision of the Fourteenth Amendment. The recent expansion of due process concepts as they relate to judgments entered prior to our first opinion and in accordance with a Delaware commercial practice of ancient origin and long standing, requires only that before an execution is issued, or upon application by a judgment debtor, the judgment creditors be required to establish that the individual against whom the judgment on a cognovit note was entered effectively waived his constitutional rights by executing the note. Upon satisfactory proof of waiver, such judg-

ments conform to this Court's understanding of requirements of due process. See *Overmyer*, supra.

The plaintiffs have requested the Court to rule upon the constitutionality of the amended 10 Del.C. § 2306, and the Superior Court rules implementing it as they affect judgments entered prior to June 9, 1971, the effective date of the statute. Arguing that these provisions attempt to reinstate judgments affected by this Court's holding but do so in an unconstitutional manner, the plaintiffs assert that the proposed procedures are clearly prohibited by this Court's ruling.

 This Court must decline the plaintiffs' request. As a result of a stay order entered by Justice Brennan while the case was on direct appeal to the Supreme Court, the Delaware State Courts have not had the opportunity to pass upon or to interpret the amended 10 Del.C. § 2306. This Court's holding concerning judgments entered prior to a determination of an effective waiver is unambiguous. Certainly, all notion of comity requires that this Court abstain to afford the State Courts the opportunity to interpret its statutes and rules.

 The final issue raised at this juncture is the proper disposition of the monies collected pursuant to wage attachments issued upon judgments entered under the original 10 Del.C. § 2306. These are presently held by Sheriff Spence under Justice Brennan's order. The funds were collected on judgments entered prior to a hearing on waiver and without notice to the debtor. In fact, the first notice the Delaware statute afforded the debtor that a judgment had been entered was when his wages were garnished. For the reasons stated previously, judgments and wage attachments in issue were unconstitutional and void when the monies were collected. Therefore, for these particular debtors, this Court is confronted with, in effect, a form of the prejudgment garnishment procedure declared unconstitutional in Sniadach v. Family Finance Corp., 395 U.S. 337, 89

S.Ct. 1820, 23 L.Ed.2d 349 (1969). Under the authority and rationale of *Sniadach*, the Court concludes that the monies must be returned to the debtors from whose wages they were deducted.

Judge Van Dusen would permit plaintiffs Barbour, DuBois and Townsend to maintain this action as a class action on behalf of persons residing in New Castle County, Delaware, and signing documents, other than mortgages, containing confession of judgment clauses, whose income qualifies them as 'poor' under the guidelines published periodically by the Office of Economic Opportunity, as pointed out in Osmond v. Spence, 327 F. Supp. 1349, 1361 (D.Del.1971).