Renee **TUNHEIM** et al., Plaintiffs,

v.

Loretta **BOWMAN**, Individually and as Clerk of the Eighth Judicial District Court of Clark County, Nevada, et al., Defendants.

No. LV–2000.

United States District Court, D. Nevada.

Nov. 28, 1973.

See also 366 F.Supp. 1395.

Clark County Legal Services, Thomas L. Leen, James W. Rourke, B. Mahlon Brown, III, Jack F. Anderson, Las Vegas, Nev., for plaintiffs.

Roy A. Woofter, Dist. Atty., Thomas R. Severns, Deputy Dist. Atty., Clark County, Nev., for defendants Loretta Bowman, Ralph Lamb.

Beckley, DeLanoy & Jemison, Las Vegas, Nev., for defendant Jay H. Brown.

Cromer & Barker, Las Vegas, Nev., for defendant Credit Bureau Central.

Before MERRILL, Circuit Judge, and EAST and THOMPSON, District Judges.

## ORDER DISSOLVING THREE-JUDGE COURT

This action was instituted for declaratory relief adjudging Nevada's confession of judgment statutes [1] to be per se

---

1. "17.090 Judgment by confession for debt due or contingent liability. A judgment by confession may be entered without action, either for money due or to become due or to secure any person against contingent liability on behalf of the defendant, or both, in the manner prescribed by NRS 17.090 to 17.110, inclusive.

"17.100 Written statement made by defendant; form. A statement in writing shall

unconstitutional, and to enjoin enforcement of certain judgments obtained by confession. A three-judge court has been convened.

In addition to alleging that the Nevada statutes are facially unconstitutional because the procurement of a judgment and the levy of execution thereon without prior notice and an opportunity to be heard deprive plaintiffs of property without due process of law, plaintiffs allege that procedures employed as to them resulted in the procurement of judgments by unconstitutional means because of affirmative misrepresentations made by defendant Credit Bureau Central at the time the documents were executed and because the plaintiffs were caused unintentionally and unknowingly to waive their constitutional right to notice and hearing.

■■ After a review of the controlling precedents, our first conclusion is that the three-judge court was improvidently convened and should be dissolved. A three-judge court is required only when an injunction is sought restraining the enforcement or execution of a state statute "upon the ground of the unconstitutionality of such statute." 28 U.S. C. § 2281. Such a court should not be convened when the prior controlling decisions render insubstantial a claim that the statute is, on its face, unconstitutional. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); [2] Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933).

■ The allegation that the Nevada confession of judgment statutes are on their face unconstitutional because they do not incorporate a requirement of prior notice and hearing before judgment is entered falls before the decision of the Supreme Court in D. H. Overmyer Co. v. Frick Co., 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124. The Ohio statutes there involved are not materially different from the Nevada provisions. They do include a requirement, which Nevada does not, of prompt notice of the entry of judgment, but this is an insubstantial difference because by that time the harm has been done. The *Overmyer* case specifically holds that statutes legalizing cognovit clauses without a re-

be made, signed by the defendant and verified by his oath, to the following effect:

"1. It shall authorize the entry of judgment for a specified sum.

"2. If it be money due, or to become due, it shall state concisely the facts out of which it arose, and shall show that the sum confessed therefor is justly due, or to become due.

"3. If it be for the purpose of securing the plaintiff against a contingent liability, it shall state concisely the facts constituting the liability, and shall show that the sum confessed therefor does not exceed the same."

"17.110 Filing of statement; indorsement by clerk; entry of judgment; judgment roll; costs. The statement shall be filed with the clerk of the court in which the judgment is to be entered, who shall indorse upon it, and enter in the judgment book a judgment of such court for the amount confessed, with $10 costs. The judgment and affidavit, with the judgment indorsed, shall thereupon become the judgment roll."

2. "We hold that three judges are similarly not required when, as here, prior decisions make frivolous any claim that a state statute on its face is not unconstitutional. Willis v. Walker, 136 F.Supp. 181; Bush v. Orleans Parish School Board, 138 F.Supp. 336; Kelley v. Board of Education, 139 F.Supp. 578. We denied leave to file petitions for mandamus in Bush, 351 U.S. 948, [76 S.Ct. 854, 100 L.Ed. 1472] and from a similar ruling in Booker v. Tennessee Board of Education, 351 U.S. 948 [76 S.Ct. 856, 100 L.Ed. 1472]. The reasons for convening an extraordinary court are inapplicable in such cases, for the policy behind the three-judge requirement—that a single judge ought not to be empowered to invalidate a state statute under a federal claim—does not apply. The three-judge requirement is a technical one to be narrowly construed, Phillips v. United States, 312 U.S. 246, 251 [61 S.Ct. 480, 483, 85 L.Ed. 800]. The statute comes into play only when an injunction is sought 'upon the ground of the unconstitutionality' of a statute. There is no such ground when the constitutional issue presented is essentially fictitious." Bailey v. Patterson, 369 U.S. 31, at 33, 82 S.Ct. 549, at 551, 7 L.Ed.2d 512 (1962).

quirement of prior notice and hearing are not per se unconstitutional under the due process clause of the Fourteenth Amendment.

Plaintiff has called our attention to the series of opinions in Osmond v. Spence, 327 F.Supp. 1349 (D.C.Del. 1971). A three-judge court there held Delaware's confession of judgment statutes to be unconstitutional "by failing to provide for notice and hearing preceding entry of judgment" (p. 1359). On direct appeal, the Supreme Court ordered: "Judgment vacated and case remanded for further consideration in light of Swarb v. Lennox [405 U.S.], ante, p. 191 [92 S.Ct. 767, 31 L.Ed.2d 138], and D. H. Overmyer Co., Inc., of Ohio v. Frick Co. [405 U.S.], ante, p. 174 [92 S.Ct. 775, 31 L.Ed.2d 124]" (405 U.S. 971, 92 S.Ct. 1189, 31 L.Ed.2d 245). On remand, the Delaware Court adhered to its original opinion, holding that notice and hearing prior to entry of a judgment by confession are required, the hearing to encompass not only the merits but also the question of whether the debtor had knowingly, intelligently and voluntarily waived his due process rights. Osmond v. Spence, 359 F.Supp. 124 (D.C.Del. 1972).

With due respect for the Delaware Court, we cannot so interpret the opinions and rulings of the Supreme Court. The *Overmyer* case did not leave the question open. It specifically held that a statutory scheme which did not provide for notice and hearing prior to entry of a confessed judgment did not run afoul of due process requirements. Swarb v. Lennox, 405 U.S. 191 at 200, 92 S.Ct. 767 at 772, 31 L.Ed.2d 138 (1972):

"A holding of facial unconstitutionality, of course, wholly apart from any class consideration, would afford relief to every Pennsylvania cognovit obligor. Today's decision in Overmyer, although it concerns a corporate and not an individual debtor, is adverse to this contention of the plaintiff-appellants. In Overmyer it is recognized, as the District Court in this case recognized, that, under appropriate circumstances, a cognovit debtor may be held effectively and legally to have waived those rights he would possess if the document he signed had contained no cognovit provision."

We believe that, as properly viewed under controlling precedents, the true thrust of plaintiffs' Complaint is to obtain a declaration that the judgments by confession rendered against them were obtained by unconstitutional means in violation of their rights to due process of law. This claim involves the resolution of issues of fact, (1) was there an obligation justly due; (2) were affirmative misrepresentations made in obtaining the cognovit contracts; and (3) did plaintiffs appropriately waive their due process rights to notice and hearing? Such an attack upon the validity of the judgments, while presenting justiciable issues within the jurisdiction of this Court under the Civil Rights Acts (particularly the due process question), do not make a case for a three-judge court. The issue of the facial unconstitutionality of the Nevada statutory procedures has been foreclosed.

Accordingly, IT HEREBY IS ORDERED:

The three-judge district court is hereby dissolved and the case is remanded to the single district judge for further proceedings.