■  VIVIAN MCDANIEL, Appellant, v ANGELA SANGENINO, Respondent.—In an action, *inter alia,* for a declaration that a certain judgment is not a lien on the premises owned by the plaintiff, she appeals from an order of the Supreme Court, Suffolk County, dated May 16, 1978, which denied her motion for summary judgment (1) upon her causes of action and (2) upon defendant's counterclaim. Order modified, on the law, by adding thereto, immediately after the word "denied", the following: "except that summary judgment is granted to the plaintiff to the extent that it is declared that a judgment by confession entered in the Suffolk County Clerk's office on July 19, 1973, under Index No. 73-9400 is not a lien on the premises owned by the plaintiff at 274 Hallock Lane, Stony Brook, New York." As so modified, order affirmed, with $50 costs and disbursements to plaintiff and counterclaim severed for trial. During the pendency of an action for divorce brought by the instant plaintiff against her husband Ronald De Santis, a paper purporting to be an affidavit of confession of judgment was signed by De Santis in favor of his sister Angela Sangenino, the instant defendant. The sister promptly entered judgment on this paper and sometime thereafter plaintiff was awarded a divorce from De Santis. As part of an agreement to cancel arrears in alimony and support payments De Santis agreed to deed his interest in the marital home to plaintiff. After she accepted the deed, plaintiff discovered that her former husband's interest in the home was burdened by the lien of the confessed judgment. She brought this action to set aside that judgment and for a declaration that the judgment was not a lien on the premises. The defendant sister counterclaimed to recover the sum of $6,750 which she claimed to have loaned to the plaintiff and De Santis. The plaintiff then moved for summary judgment on her complaint and the counterclaim. Special Term denied summary judgment upon the ground that the record presented questions of fact for trial. With respect to so much of the wife's causes of action as seek a judgment declaring that the confessed judgment is not a lien on the former marital residence, the motion for summary judgment should have been granted. CPLR 3218 provides that a judgment by confession may be entered without the necessity of an action upon "an affidavit executed by the defendant" which must contain, *inter alia,* a concise statement of the facts out of which the debt arose and a showing that the sum confessed is justly due or to become due. A concise statement of the facts, made under oath, is required so that any interested third party may investigate the matter and ascertain whether the confession of judgment was accurate and bona fide *(Wood v Mitchell,* 117 NY 439). Its purpose is to protect creditors of a defendant from judgments entered on confession by collusion *(Giryluk v Giryluk,* 30 AD2d 22). In order to accomplish this end the affidavit should separately state the amount of the loans, the dates upon which they were made, the amount of principal and the amount of interest *(Wood v Mitchell, supra).* Thus in the case of *County Nat. Bank v Vogt* (28 AD2d 793), a judgment of confession was set aside upon the motion of a junior judgment creditor where it appeared that the only description of the transaction in the affidavit was "Money loaned by Plaintiff to Defendant and not repaid." In the instant case the purported

affidavit of confession of judgment is patently insufficient because the only words it contains relating to the facts are "Money loan". In any event the judgment by confession is defective on another ground. The statute provides that judgment by confession may only be entered upon the affidavit of the judgment debtor. Where, as here, such a judgment is entered on a paper which has not been executed under oath by the judgment debtor it is invalid and may be set aside by a third party (Starck Piano Co. v O'Keefe, 211 App Div 700, 703-704; Schlanger & Sons v Beaumont Factors, 205 Misc 943, 946). To permit judgments by confession to stand where they were entered on unsworn statements would permit collusive judgments by confession without an effective sanction in the form of prosecution for perjury against the defrauding judgment debtor. However, the defendant debtor himself cannot impeach a judgment entered upon a statement which he signed but which he did not make under oath (Mullin v Bellis, 90 NYS2d 27). Under the circumstances of this case, plaintiff is therefore entitled to a judgment declaring that the judgment by confession is not a lien on the former marital residence. Nevertheless, the judgment should still stand against De Santis himself. Plaintiff's remaining contention is that defendant's counter-claim to recover moneys allegedly loaned to plaintiff and De Santis but not repaid should be dismissed because it is barred by the Statute of Frauds. Since the terms of the loan are not explicitly set forth in the papers and it is therefore unclear whether the money was not to be repaid within a year or within a lifetime, it cannot be said as a matter of law that the Statute of Frauds applies (see General Obligations Law, § 5-701). Defendant contends that even if the Statute of Frauds applies, the plaintiff's indorsement on the back of a check, allegedly representing the proceeds of the loan, constitutes a memorandum sufficient to satisfy the statute. However, it is the general rule that a mere signature on the back of a check, without more, will not suffice as a memorandum under the statute. A check or note must either have the essential terms of the contract written thereon or must bear references to other documents containing the contract terms and it must be signed by the party to be charged in order to constitute a sufficient memorandum under the statute (56 NY Jur, Statute of Frauds, § 172). In addition there is a question of fact in the instant case as to whether plaintiff signed the check merely as an accommodation indorser. Accordingly, the counterclaim must be tried. Damiani, J. P., Titone and Suozzi, JJ., concur.

Shapiro, J., concurs in part and dissents in part, with the following memorandum: I concur with the majority's declaration that the judgment by confession is not a lien on the former marital residence and binds only De Santis himself. However, I would go further and grant plaintiff's motion for summary judgment in its entirety in view of the fact that defendant submitted no affidavit of her own in opposition to plaintiff's motion for summary judgment, and rested merely on her attorney's affidavit. That affidavit, based upon information and belief, and without personal knowl-edge of the facts, was insufficient to controvert plaintiff's averments that she was only an accommodation indorser who had received no proceeds of the check, upon which defendant relied, in part, to establish her defense and counterclaim. Under the circumstances, there was no evidentiary support for defendant's position.