■ HARRY SKYDELL et al., Appellants, v THOMAS GELB et al., Respondents. ALBERT SCHWARTZ, Respondent, v HARRY SKYDELL et al., Appellants.—Order, Supreme Court, New York County (William Davis, J.), entered December 27, 1990, which denied the motion of Harry Skydell ("Skydell") and Deptford Mall Corp. ("Deptford") to vacate Judgments by Confession, and the judgment of the same Court, entered August 7, 1991,

which, *inter alia,* granted Thomas Gelb's ("Gelb") and Robert Wisgo's ("Wisgo") motion for summary judgment pursuant to CPLR 3212 dismissing the complaint, unanimously affirmed, with one bill of $250 costs and disbursements of these appeals.

Albert Schwartz loaned Deptford a sum of money in June 1989. In return, Skydell (Deptford's president) executed both a promissory note on behalf of Deptford and his own personal guaranty. After Deptford defaulted on the note, a modification agreement was executed which extended the loan to February 28, 1990 and which required Deptford and Skydell to execute "Warrants of Attorney to Confess Judgment". Deptford again defaulted and thereafter Schwartz instituted a CPLR article 78 application to direct the County Clerk to accept the warrants for filing. However, when Skydell and his attorney offered a new collateral package with Skydell executing new affidavits of confession for himself personally and on behalf of Deptford, Schwartz agreed to withdraw his application. The affidavits were notarized by Robert Wisgo. Skydell signed the affidavits but was in a hurry and left Wisgo's presence immediately before the formal notarization.

Skydell breached his promises once more and Judgments by Confession were filed on August 22, 1990. Skydell and Deptford moved to vacate the judgments based on, *inter alia,* fraud and misconduct of Gelb, Schwartz's business representative, and Wisgo.

Meanwhile, Skydell and Deptford started an action against Gelb and Wisgo for damages due to Gelb's alleged violation of New York Judiciary Law § 487 and upon Wisgo's alleged violation of New York Executive Law § 135. Both accusations concerned the same facts alleged in the motion to vacate, which was denied in December 1990. Gelb and Wisgo then moved for summary judgment arguing that the December 1990 order collaterally estopped Skydell and Deptford from relitigating the same issues. The IAS Court granted summary judgment and dismissed the complaint on the ground of collateral estoppel. Moreover, the court determined that Gelb's alleged conduct did not amount to fraud and that Wisgo's alleged conduct did not result in any damages to Skydell and Deptford.

Skydell and Deptford attack the Confession of Judgment since it was allegedly not sworn to before a notary. However, even if said confession was not properly notarized, Skydell and Deptford cannot impeach the judgment on that basis since they are the judgment debtors and since the confession was

admittedly signed by Skydell. *(McDaniel v Sangenino,* 67 AD2d 698, 699).

Skydell and Deptford next maintain that Gelb fraudulently induced them to sign the Judgments of Confession by advising them that the judgments could be automatically entered pursuant to the warrant. Skydell, an attorney and sophisticated real estate developer, had equal access to knowledge that the Judgments of Confession upon the warrants could only be entered pursuant to a court order, and hence there are no grounds for a fraud claim. *(See, Noved Realty Corp. v A. A. P. Co.,* 250 App Div 1.)

Finally, Skydell and Deptford contend that even if the Judgment by Confession is valid, they were nonetheless injured by Gelb's and Wisgo's violations of the Executive and Judiciary Laws. These claims against Gelb and Wisgo were previously addressed and determined by the IAS Court in its December 1990 decision. Having had a full and fair opportunity to litigate the issues, the IAS Court properly determined that reconsideration of those issues was precluded by collateral estoppel. *(Lukowsky v Shalit,* 110 AD2d 563, 567.)

We have considered all other claims and find them to be without merit. Concur—Wallach, J. P., Kupferman, Ross and Smith, JJ.