OPINION OF THE COURT
Per Curiam.
Order and judgment entered August 12, 1992 affirmed, with $10 costs, without prejudice to an application in the court below by respondent, if so advised, to vacate the commitment for civil contempt.
Orders entered October 8, 1992 affirmed, with $10 costs.
After a trial in this proceeding, at which respondent Harry Skydell, although represented by counsel, declined to testify, the Housing Judge held respondent in civil and criminal contempt of various orders requiring him to provide heat and hot water to the subject premises. The court denied three separate motions to vacate and set aside the finding of contempt. This court granted a stay pending appeal.
Respondent Harry Skydell is both an attorney and a sophisticated real estate developer (Skydell v Gelb, 177 AD2d 437). The respondent partnership, of which respondent Skydell is a general partner, acquired a 30-unit residential apartment building at 334 East 96th Street for the purpose of demolishing the building and developing the property. Although the *649 property was never developed, as of July 1992, only seven tenants remained in the building.
On January 8, 1992, and April 10, 1992, following proceedings arising from respondents’ failure to provide heat and hot water, the respondents agreed to provide these services in so-ordered stipulations. Respondent Skydell in fact agreed to "personally” pay a $1,000 fine to settle the claim for civil penalties in connection with the January 8 order.
By order to show cause dated May 21, 1992, petitioner moved to hold respondents in civil and criminal contempt for their failure to provide heat and hot water on seven dates between January 31 and May 19, 1992. Petitioner, on its direct case, introduced into evidence various inspection reports, as well as the testimony of certain tenants, who described the building as having been without heat or hot water for weeks at a time. Respondents’ case was premised primarily on the testimony of Jack Irushalmi, the managing agent, who testified that fuel oil was delivered to the premises during the time of the alleged violations, but that the partnership’s lack of funds made it difficult to obtain fuel or maintain the boiler in operating condition. In this regard, respondent Skydell had given Irushalmi checks, sometimes from entities other than the respondent partnership, to pay for fuel deliveries. The witness testified that the respondent partnership had filed a voluntary chapter 11 bankruptcy petition on April 29, 1991, converted to a chapter 7 proceeding on March 24, 1992, by order of the Bankruptcy Court.
On this evidence the court found both respondents in civil contempt. The court further found that since the respondent partnership had filed for bankruptcy, its violation of the court’s orders could not be found willful. With respect to respondent Skydell, however, the court found that there had been no evidence that he was personally unable to expend the necessary funds to comply with the court’s prior orders.
Respondent now contends that he was entitled to a posttrial hearing, in connection with his posttrial motions, on the issues of his alleged loss of legal control of the premises due to the pendency of the partnership’s bankruptcy proceeding, as well as his personal financial inability to comply with the court’s orders. These defenses were not raised during the hearing, however, and respondent provides no justification for his failure to do so. Respondent has not established that he was entitled to stand mute during trial, reserving these arguments for posttrial submission.
*650 In any event, respondent has not established by his posttrial submissions either a loss of control over the premises, or a financial inability to comply with the orders of the Housing Court. We observe, with respect to the issue of control, that respondent Skydell by counsel consented to the issuance of an order directing his future provision of heat and hot water on April 10, 1992, subsequent to the issuance of the March 24, 1992 order by which he asserts a trustee was appointed — the act which he now claims deprived him of control of the premises. Respondent’s consent to an order by which he was to continue to provide heat and hot water to the premises on a date subsequent to the date of conversion of the proceeding to chapter 7 bankruptcy is cogent evidence of his continued control over the premises. Further, aside from his reliance on general tenets of bankruptcy law, there is no evidence that the bankruptcy trustee actually exercised control over the premises.
Respondent portrays himself as destitute and financially ruined following the collapse of his real estate ventures, with debts in the hundreds of millions of dollars. He is allegedly too impoverished to file for bankruptcy. Yet respondent has never come forward with evidence of the unencumbered assets which he does own, or with evidence of his income, which may have been sufficient to enable him to provide fuel oil for the premises. He asserted, on the motion, that he was personally liable on $140 million in debt, the documentation submitted in support of the motion consisted merely of an abstract showing 17 unsatisfied judgments amounting to approximately $20 million. Absent evidence of his assets, respondent has not come forth with a clear picture of his true circumstances.
With respect to respondent’s remaining arguments, we find them to be without merit. In particular, we reject respondent’s argument that he, an attorney who voluntarily absented himself from the trial, should not have been sentenced in absentia. Under similar circumstances, absence has been held to give rise to an inference of waiver (People ex rel. Sassower v Sheriff of Suffolk County, 134 AD2d 641, appeal dismissed 72 NY2d 914, 78 NY2d 906).
Subsequent to the submission of this appeal, the court was advised that an article 7-A administrator (RPAPL art 7-A) was appointed for the building premises by the Civil Court. The order of appointment directs, inter alia, that the owner or any person acting under the owner’s authority be "enjoined and restrained from interfering in any way with the Administra *651 tor’s management operation and control of the subject premises”. Respondent argues that his coercive sentence on the civil contempt, i.e., until such time as he complies with the court’s prior orders requiring heat and hot water at the premises, has been rendered moot as it is no longer within his power to comply. Since this argument is based upon new evidence not litigated before the nisi prius court, we do not consider it on appeal. Our decision is without prejudice to respondent’s right, if so advised, to assert these contentions before Civil Court in an appropriate motion (Aronson v City of Mount Vernon, 116 AD2d 613, 614).
Parness, J. P., McCooe and Glen, JJ., concur.