[No. D037520. Fourth Dist., Div. One. Nov. 15, 2002.]

CAPITAL TRUST, INC., Plaintiff and Respondent, v.
TRI-NATIONAL DEVELOPMENT CORPORATION et al., Defendants
and Appellants.

## COUNSEL

Ross T. Elliott for Defendants and Appellants.

Sampson & Associates, Bryan D. Sampson and Elizabeth Aronson for Plaintiff and Respondent.

## OPINION

**BENKE, J.**—Plaintiff Capital Trust, Inc. (Capital), received a judgment of confession, i.e., a proceeding allowing a judgment without an action being filed, against defendants Tri-National Development Corporation and various individuals (collectively Tri-National) in the State of New York. Entry of a judgment in California based on the New York judgment was made on

Capital's application pursuant to the Sister State and Foreign Money-Judgments Act of 1974 (SSMJ) (Code Civ. Proc.,[1] § 1710.10 et seq.). Tri-National's motion to vacate the judgment was denied. It appeals, arguing the motion should have been granted since the New York statute authorizing confessions of judgment violates the Fourteenth Amendment of the United States Constitution and thus is not entitled to full faith and credit.

## BACKGROUND

Capital loaned Tri-National a considerable amount of money. The loan was secured in part by affidavits for confession of judgment executed by Tri-National pursuant to New York law (N.Y. C.P.L.R. § 3218). Tri-National defaulted. Capital filed Tri-National's affidavits and was granted a judgment in the amount of $8,329,298 by the Supreme Court of the State of New York. On Capital's application made pursuant to SSMJ, a California judgment based on the New York judgment was entered in the amount, including interest, of $8,432,183.50.

Tri-National moved to vacate the California judgment, arguing New York's judgment by confession law violates the Fourteenth Amendment of the United States Constitution and a judgment based on it, therefore, is not entitled to full faith and credit.

The trial court denied the motion.

## DISCUSSION

Tri-National argues the trial court erred in denying its motion, made pursuant to section 1710.40, subdivision (a), to vacate Capital's judgment. It acknowledges that in general the full faith and credit clause of the United States Constitution (art. IV, § 1) requires that a valid judgment in one state be recognized in all other states. Tri-National contends, however, that Capital's New York judgment was not entitled to full faith and credit since the New York confession of judgment law violates the due process clause of the Fourteenth Amendment of the United States Constitution.

█ The United States Constitution requires that the judgments of sister states be given full faith and credit if the rendering state had fundamental jurisdiction of the matter and all parties were provided reasonable notice and opportunity to be heard. (*Washoe Development Co. v. Guaranty Federal Bank* (1996) 47 Cal.App.4th 1518, 1521 [55 Cal.Rptr.2d 479].) In this case the

---

[1]All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

issue is whether the New York confession of judgment statute resulted in a denial of Tri-National's right to due process. If that right was denied, then the New York judgment is not entitled to full faith and credit. (*Commercial Nat. Bank of Peoria v. Kermeen* (1990) 225 Cal.App.3d 396, 399, 402 [275 Cal.Rptr. 122].)

The issues here involve constitutional rights and interpretation of statutes. There are no relevant factual disputes. We review the matter de novo. (See *Harustak v. Wilkins* (2000) 84 Cal.App.4th 208, 212-213 [100 Cal.Rptr.2d 718]; *State of Ohio v. Barron* (1997) 52 Cal.App.4th 62, 67 [60 Cal.Rptr.2d 342]; *Diamond Benefits Life Ins. Co. v. Troll* (1998) 66 Cal.App.4th 1, 5 [77 Cal.Rptr.2d 581].)

## A.   *California Confession of Judgment Law*

Review of the constitutionality of New York's confession of judgment law is necessarily guided by our Supreme Court's opinion in *Isbell v. County of Sonoma* (1978) 21 Cal.3d 61 [145 Cal.Rptr. 368, 577 P.2d 188]. In *Isbell* the court found unconstitutional California's then existing confession of judgment law (former §§ 1132-1134). In that case persons who received excessive welfare payments executed confessions of judgment in favor of the county. Those persons sought declaratory relief, arguing that California's confession of judgment law was unconstitutional. (*Isbell*, at pp. 64-66.)

The court noted that then existing "Code of Civil procedure section 1132, subdivision (a), provides generally that 'A judgment by confession may be entered without action either for money due or to become due, or to secure any person against contingent liability on behalf of the defendant, or both, in the manner prescribed by this chapter. Such judgment may be entered in any court having jurisdiction for like amounts.' Section 1133 specifies that the confession must be in writing, verified by the defendant, and must state concisely the facts constituting the liability. The creditor files the judgment with the court clerk, 'who must endorse upon it, and enter a judgment of such court for the amount confessed' [citation]." (*Isbell v. County of Sonoma, supra,* 21 Cal.3d at p. 67, fn. omitted.)[2]

The court observed that under the due process clause of the federal Constitution, judgment may be entered against a defendant only if the

---

[2]Section 1133 states: "A statement in writing must be made, signed by the defendant, and verified by his oath, to the following effect:

"1. It must authorize the entry of judgment for a specified sum;

"2. If it be for money due, or to become due, it must state concisely the facts out of which it arose, and show that the sum confessed therefor is justly due, or to become due;

"3. If it be for the purpose of securing the plaintiff against a contingent liability, it must state concisely the facts constituting the liability, and show that the sum confessed therefor does not exceed the same."

defendant received notice and an opportunity to be heard or the defendant voluntarily, knowingly and intelligently waived those rights. Since the confession of judgment procedure authorizes entry of judgment without prior notice and hearing, its constitutionality turns on whether the defendant has made an adequate waiver of those rights. The court noted that the waiver of constitutional rights is not presumed. (*Isbell v. County of Sonoma, supra,* 21 Cal.3d at p. 68.)

The court first considered whether the debtor's assent to the confession of judgment itself demonstrated a voluntary waiver of constitutional rights. The court noted that confession of judgment clauses most often appeared in form contracts dictated by the party with a bargaining advantage. The court concluded that assent to a contract of adhesion could not operate as a valid waiver of rights. It went on, however, to state that even when the confession of judgment was not dictated by the creditor, the drastic nature of the device "strongly suggests a substantial disparity in bargaining position and implies overreaching on the part of the creditor. Thus except in the rare case in which [the confession of judgment] itself shows that it was a negotiated agreement between equal bargainers, . . . a court presented only with the verified confession of judgment cannot assume the voluntariness of any waiver of due process rights implicit in that confession." (*Isbell v. County of Sonoma, supra,* 21 Cal.3d at p. 70.)

The court next considered whether the debtor's execution of a confession of judgment established a knowing and intelligent waiver. It concluded that it did not. The court stated: "[S]ad experience has shown that the confession of judgment procedure lends itself to overreaching, deception, and abuse. Such a confession cannot on its face represent a voluntary, knowing and intelligent waiver." (*Isbell v. County of Sonoma, supra,* 21 Cal.3d at p. 71.)

The court rejected a case-by-case determination of whether a particular confession of judgment was made after a voluntary, knowing and intelligent waiver of constitutional rights. It noted California's confession of judgment law did not provide for a prejudgment determination of that issue. When the confession of judgment is presented to the clerk of the court, judgment is entered. (*Isbell v. County of Sonoma, supra,* 21 Cal.3d at p. 71.)

The court concluded that the opportunity to attack a confessed judgment by a postjudgment motion was not an adequate remedy since it did not allow determination of the validity of the waiver of constitutional rights at a meaningful time, i.e., before the entry of judgment. (*Isbell v. County of Sonoma, supra,* 21 Cal.3d at pp. 71-72.)

In finding California's confession of judgment law unconstitutional, it was necessary the court address *D. H. Overmyer Co. v. Frick Co.* (1972) 405 U.S.

174 [92 S.Ct. 775, 31 L.Ed.2d 124]. In *Overmyer* the United States Supreme Court held that confession of judgment laws do not per se violate constitutional due process requirements. The court in *Isbell* concluded, however, that *Overmyer* was not determinative of the issue before it. The court stated: "[T]he *Overmyer* decision nowhere addresses the issue, crucial to the present case, whether the Ohio statutes established a constitutionally adequate procedure for assuring that a valid waiver of constitutional rights had occurred. In *Overmyer* the judgment debtor did not attack the adequacy of the record, but instead broadly claimed that an individual could never validly waive all rights to notice and hearing through a confession of judgment agreement. The *Overmyer* decision went no further than to reject this broad proposition and to hold on the facts before it that D. H. Overmyer Co., a large corporation which entered into a negotiated cognovit agreement in return for valuable consideration, had 'voluntarily, intelligently and knowingly' waived its constitutional rights. [Citations.]

"Since it is axiomatic that 'cases are not authority for propositions not considered therein' [citation], we conclude that *Overmyer* did not resolve that a confession of judgment procedure which requires the entry of judgment without a sufficient showing of a valid waiver is consonant with due process. [Citations.] *Overmyer* therefore does not conflict with our conclusion that the California confession of judgment procedure is constitutionally infirm." (*Isbell v. County of Sonoma, supra*, 21 Cal.App.3d at pp. 73-74.)

In *Isbell* the court suggested that if the document confessing judgment itself demonstrated a voluntary, knowing and intelligent waiver of due process rights, then entry of judgment would be valid. (*Isbell v. County of Sonoma, supra*, 21 Cal.App.3d at pp. 64-65, 70.) In response to this observation, the Legislature amended section 1132 to allow the entry of judgment by confession if it is filed with a certificate signed by an attorney independently representing the defendant indicating that the attorney has examined the proposed judgment and has advised the defendant concerning the waiver of rights and defenses under the confession of judgment procedure and has advised the defendant to use that procedure. (§ 1132, subd. (b).)

B.  *Analysis*

■  In this case we conclude Tri-National's confession of judgment satisfies due process and the California trial court properly granted full faith and credit to Capital's New York judgment.

As interpreted by *Isbell,* the due process clause of the Fourteenth Amendment requires that to be valid, a confession of judgment must either itself demonstrate or be accompanied by documentation demonstrating that the

defendant has made a voluntary, knowing and intelligent waiver of due process rights or there must exist a prejudgment judicial process for determining such waiver.

New York law does not require the confession of judgment itself demonstrate or be accompanied by documentation demonstrating that the defendant has voluntarily, knowingly and intelligently waived the right to due process.[3]

In the present case, however, the record reveals a situation far different than that faced by our Supreme Court in *Isbell*. The present case involves sophisticated parties, negotiating a complex loan. In this case the confession of judgment was accompanied by affidavits executed by Tri-National.[4] It appears that the affidavits upon which entry of confession of judgment was based were lodged as exhibits with the California trial court. The parties

---

[3]New York Civil Practice Law and Rules section 3218, judgment by confession: "(a) Affidavit of defendant. Except as provided in section thirty-two hundred one, a judgment by confession may be entered, without an action, either for money due or to become due, or to secure the plaintiff against a contingent liability in behalf of the defendant, or both, upon an affidavit executed by the defendant;

"1. stating the sum for which judgment may be entered, authorizing the entry of judgment, and stating the county where the defendant resides or, if he is a non-resident, the county in which entry is authorized;

"2. if the judgment to be confessed is for money due or to become due, stating concisely the facts out of which the debt arose and showing that the sum confessed is justly due or to become due; and

"3. if the judgment to be confessed is for the purpose of securing the plaintiff against a contingent liability, stating concisely the facts constituting the liability and showing that the sum confessed does not exceed the amount of the liability.

"(b) Entry of judgment. At any time within three years after the affidavit is executed, it may be filed with the clerk of the county where the defendant stated in his affidavit that he resided when it was executed or, if the defendant was then a non-resident, with the clerk of the county designated in the affidavit. Thereupon the clerk shall enter a judgment in the supreme court for the sum confessed. He shall tax costs to the amount of fifteen dollars, besides disbursements taxable in an action. The judgment may be docketed and enforced in the same manner and with the same effect as a judgment in an action in the supreme court. No judgment by confession may be entered after the defendant's death.

"(c) Execution where the judgment is not all due. Where the debt for which the judgment is entered is not all due, execution may be issued only for the sum which has become due. The execution shall be in the form prescribed for an execution upon a judgment for the full amount recovered, except that it shall direct the sheriff to collect only the sum due, stating the amount with interest and the costs of the judgment. Notwithstanding the issuance and collection of such an execution, the judgment shall remain in force as security for the sum or sums to become due after the execution is issued. When further sums become due, further executions may be issued in the same manner.

"(d) Confession by joint debtors. One or more joint debtors may confess a judgment for a joint debt due or to become due. Where all the joint debtors do not unite in the confession, the judgment shall be entered and enforced against only those who confessed it and it is not a bar to an action against the other joint debtors upon the same demand."

[4]Tri-National argues Capital's application for entry of sister state judgment was defective since the authenticated New York confession of judgment submitted in California was on its

have not provided those exhibits to this court. They agree, however, that the affidavits of the defendants contained the following statement: "Defendant has been represented in regard to this Confession of Judgment by Paul G. Goss, Esq. of Denver Colorado and have [sic] consulted with said counsel regarding the entry of this Confession of Judgment, the enforceability of this Confession of Judgment and this form of the Confession of Judgment."

*Isbell* recognizes that cases exist in which the parties' agreement itself shows it was negotiated between equal bargainers and in which a voluntary waiver of due process rights can fairly be assumed. (*Isbell v. County of Sonoma, supra,* 21 Cal.3d at pp. 69-70.) While the defendants' affidavit acknowledging consultation with counsel does not strictly satisfy the attorney affidavit requirements of section 1132, we conclude that given the context of the case it is sufficient to allow the conclusion that Tri-National voluntarily waived its rights to due process.

The New York judgment based on Tri-National's confession of judgment was entitled to full faith and credit and the trial court properly denied the motion to vacate the California judgment based on it.

### DISPOSITION

The order denying the motion to vacate the judgment is affirmed.

Kremer, P. J., and Haller, J., concurred.

Appellants' petition for review by the Supreme Court was denied February 11, 2003. Kennard, J., was of the opinion that the petition should be granted.

---

face incomplete. Tri-National notes the first line of the New York judgment refers to annexed affidavits, which were not included with the judgment, submitted with Capital's application.

Tri-National notes that section 1710.15, subdivision (c), requires an application for entry of judgment based on a sister state judgment be accompanied by a properly authenticated copy of the sister state judgment.

We find no meaningful defect. Capital's application included an authenticated copy of the New York judgment. That copy did not include the annexed affidavits; those affidavits were, however, eventually placed before the trial court. There is no issue concerning their authenticity and the failure to include them initially with the authenticated judgment is of no consequence.