COAST TO COAST DEMOLITION AND CRUSHING, INC., A NEVADA CORPORATION; JIMI TELFORD, AN INDIVIDUAL; AND NANCY ELISE COMBS, AN INDIVIDUAL, APPELLANTS, v. REAL EQUITY PURSUIT, LLC, RESPONDENT.

No. 50922

March 4, 2010                                              226 P.3d 605

*Gordon & Silver, Ltd.*, and *Eric R. Olsen* and *Karen L. Hanks*, Las Vegas, for Appellants.

*Law Office of Hayes & Welsh* and *Garry L. Hayes* and *Megan K. Mayry McHenry*, Henderson, for Respondent.

Before Parraguirre, C.J., Douglas and Pickering, JJ.

## OPINION

By the Court, Pickering, J.:

This is an appeal from a judgment entered by confession. The appellants, who are the judgment debtors, acknowledged the debt

but challenge the confession on statutory grounds and as unconscionable. We affirm.

## I.

Respondent Real Equity Pursuit, LLC, loaned appellants Jimi Telford, Nancy Combs, and Coast to Coast Demolition and Crushing, Inc. (collectively, Coast to Coast), $3,000,000. The parties documented the transaction in a loan agreement, a promissory note and security agreement, and the confession of judgment underlying this appeal. The transactional documents cross-reference each other and were signed by Telford and Combs, "as individual[s] and on behalf of Coast to Coast." Their signatures were notarized but the notary made two mistakes. On the confession of judgment, she printed her name instead of the signers' names in the blank space over her notary stamp. She also used document-acknowledgment language, verifying the signer's identity and signature, instead of jurat language, swearing to the truth of the statements in the documents.

The loan documents set Coast to Coast's payment terms and authorized Real Equity to file the confessed judgment in the event of default. The confession of judgment reprises the terms of the transaction, including the amount of the debt and the payment terms. Referring to Coast to Coast as the "Defendant," it states:

> Defendant . . . confesses that this debt is justly due . . . . Defendant further confesses that he has no substantive or procedural defense to this Confession and that it was executed under his own volition and not under any duress or coercion or anything other than his free will, both in his individual capacity and capacity as officer for the company. Defendant also confesses that he has had time to seek counsel of his own choosing to review this confession of judgment and has no defenses whether now known or unknown.

The confession details what will constitute a default and states:

> In the event that Defendant does not cure said default in the payment arrangements, Defendant hereby confesses Judgment in favor of Plaintiffs for the principal then owing, plus accrued interest.

The loan and security agreements conclude with "in witness whereof" language above the signatures, while the note recites that "our signature(s) below indicate my/our understanding & acceptance of all of the above terms."

Coast to Coast defaulted. When it did, Real Equity filed the confession of judgment, which the district court clerk entered. This appeal timely followed.

Before filing the notice of appeal, Coast to Coast filed a motion to vacate the judgment, which the district court denied. Coast to Coast does not appeal—indeed, it affirmatively disclaims any intention of appealing—the order denying the motion to vacate, and it did not include any papers relating to the motion to vacate in its appendix. The disclaimer is surprising, given that this court normally will not decide an issue not litigated in the trial court. *Durango Fire Protection v. Troncoso*, 120 Nev. 658, 661, 98 P.3d 691, 693 (2004). Without the motion to vacate, Coast to Coast is left with a facial challenge to the judgment being void as a matter of law, an uphill climb at best.[1] *Cf. Majestic, Inc. v. Berry*, 593 N.W.2d 251, 257-58 (Minn. Ct. App. 1999) (rejecting argument that a confessed judgment was void as a matter of law when the challenge was not made in the trial court, providing an insufficient record on appeal).

## II.

Coast to Coast mounts two facial challenges to the confession's validity. First, Coast to Coast objects to the confession because, though signed and notarized, its recitals weren't "verified by . . . oath." NRS 17.100. Second, it faults the confession for not "stat[ing] concisely the facts out of which it arose." NRS 17.100(2). Neither challenge invalidates the judgment as a matter of law. Coast to Coast's remaining challenges raise fact issues and are defeated by its election to appeal directly without developing them by motion or plenary proceeding in the district court.

### A.

Some background is helpful to place Coast to Coast's challenges in context. Nevada confession of judgment practice is governed by NRS 17.090 through NRS 17.110. These statutes have been in existence, with different code numbers but in substantially the same form, since 1869. *See, e.g.*, 1 Nev. Compiled Laws § 1421 (1873); Civil Practice Act of 1911 § 308, *reprinted in*

---

[1] Since Real Equity does not challenge Coast to Coast's right to appeal from a confession of judgment, we do not reach the issue of whether the confession obviates appellate review absent challenge in the district court. *But see* 46 Am. Jur. 2d *Judgments* § 204 (2006) (noting that "[a] confession of judgment is substantially an acknowledgment that a debt is justly due and cuts off all defenses and right of appeal" (footnotes omitted)); 4 C.J.S. *Appeal and Error* § 282 (2007) ("Generally, because of the defendant's consent, a judgment by confession is considered as waiving or releasing errors, and may not be appealed," except when "the legality of the right to enter the judgment is involved.").

Nev. Rev. Laws § 5250 (1912); Nev. Compiled Laws § 8806 (1929). NRS 17.090 provides that "[a] judgment by confession may be entered without action, either for money due or to become due . . . in the manner prescribed by this section and NRS 17.100 and 17.110." NRS 17.100 reads in pertinent part:

> A statement in writing shall be made, signed by the defendant and *verified by his oath*, to the following effect:
>     1. It shall authorize the entry of judgment for a specified sum.
>     2. If it be money due, or to become due, *it shall state concisely the facts out of which it arose*, and shall show that the sum confessed therefor is justly due, or to become due.

(Emphases added.) NRS 17.110 addresses entry of the confessed judgment on the clerk's judgment roll. A facial challenge to the constitutionality of Nevada's confession of judgment statutes was repelled in *Tunheim v. Bowman*, 366 F. Supp. 1392 (D. Nev. 1973).

The confession of judgment in this case was authenticated by the notarized signatures of Coast to Coast's principals on the confession and the related loan documents. Despite the technical defect in the notarial certificate on the confession (the notary's name instead of the signers' appears in the acknowledgment), the signatures on the other loan documents, which the confession incorporates by reference, were properly notarized. Multiple writings signed at the same time, addressing the same subject, and cross-referencing one another may be taken to comprise a single agreement. *Collins v. Union Fed. Savings & Loan*, 99 Nev. 284, 292, 662 P.2d 610, 615 (1983). The failure of one of those documents to comply with statutory formalities, when the others do, does not destroy the agreement's enforceability. *Bowker v. Goodwin*, 7 Nev. 135, 139 (1871). Since the writings comprise a single transaction, in the individual circumstances of this appeal we deem the notarizations adequate acknowledgment of the confession and the related loan documents. *See Torrealba v. Kesmetis*, 124 Nev. 95, 106-07, 178 P.3d 716, 724-25 (2008) (rejecting rule that would require strict compliance with notarial requirements on an acknowledgment so long as, in the "individual circumstances" of the case, "honoring the instrument would not improperly benefit the notary or any party to the instrument and would not create harm"); *Johnson v. Badger M. & M. Co.*, 13 Nev. 351, 353 (1878) ("The form of the certificate is, in several respects, irregular. The law, however, does not require that the exact form of the certificate given in the statute shall be followed. All that is necessary is a substantial compliance with the statute.").

But acknowledging a document is not the same thing as verifying it. An "acknowledgment" is "a declaration by a person that he has executed an instrument for the purposes stated therein and, if the instrument is executed in a representative capacity, that he signed the instrument with proper authority and executed it as the act of the person or entity represented and identified therein." NRS 240.002. Although no longer separately addressed in the notary statutes, "verification" normally signifies that a document has been "sw[orn]" or "affirm[ed]," which a "jurat" establishes. NRS 240.1655(2)(e). A "jurat" is "a declaration by a notarial officer that the signer of a document signed the document in the presence of the notarial officer and swore to or affirmed that the statements in the document are true." NRS 240.0035.[2] The notarial certificates on the Coast to Coast documents do not include the words "signed and sworn to (or affirmed) before me," which are needed for a jurat. NRS 240.167.

NRS 17.100 does not specify the form of verification required to validate a confession. Coast to Coast argues that, to comply with the verification requirement in NRS 17.100, the confession must comply with the form of verification specified in NRS 15.010.[3] We disagree. NRS 15.010 governs verification of the truth of averments made in "pleadings," which are the civil filings—complaint, answer, counterclaim—by which an "action" is commenced and its issues framed. NRCP 2, 3, and 7(a). NRS 17.090, by contrast, states that "[a] judgment by confession may

---

[2]The 2003 amendments to NRS Chapter 240 eliminated most of the references to "verification" and replaced them with "jurat," which is defined in NRS 240.0035. 2003 Nev. Stat., ch. 110, §§ 3, 5, at 606 (amending former NRS 240.004(3), which addressed a notary "taking a verification upon oath or affirmation"). No substantive change to the meaning of the statutes was intended; rather, the purpose was to streamline and simplify the notarization statutes. Hearing on A.B. 87 Before the Assembly Governmental Affairs Comm., 72d Leg. (Nev., April 28, 2003).

[3]NRS 15.010 states, in relevant part:

1. In all cases of the verification of a pleading, the affidavit of the party shall state that the same is true of his own knowledge, except as to the matters which are therein stated on his information and belief, and as to those matters that he believes it to be true.

. . . .

5. The affidavit may be in substantially the following form and need not be subscribed before a notary public:

Under penalties of perjury, the undersigned declares that he is the ............................. (plaintiff, defendant) named in the foregoing ............................. (complaint, answer) and knows the contents thereof; that the pleading is true of his own knowledge, except as to those matters stated on information and belief, and that as to such matters he believes it to be true.

be entered *without action*," (emphasis added), and this is indeed the point of a confession of judgment: that judgment is obtained without action. The requirements NRS 15.010 imposes on pleadings used to commence an action do not apply to confessions, which are the antithesis of pleadings, since they do not involve actions. If anything, the highly specific requirements that NRS 15.010 imposes on verified pleadings, when contrasted to NRS 17.100's generality as to verified confessions of judgment, supports a substantial-compliance analysis in the context of NRS 17.100. *See Leven v. Frey*, 123 Nev. 399, 407-08, 168 P.3d 712, 717-18 (2007) (citing 3 Norman J. Singer, *Statutes and Statutory Construction* § 57:19, at 58 (6th ed. 2001)) (a statute's timing requirements must be strictly complied with "whereas substantial compliance may be sufficient for 'form and content' requirements," especially where the statute does not specify how those form and content requirements are to be met); *Humboldt M. & M. Co. v. Terry*, 11 Nev. 237, 241 (1876) ("The sufficiency of the writing claimed to be a judgment should always be tested by its substance rather than its form.").

According to *Black's Law Dictionary*, to confess means "[t]o admit (an allegation) as true." *Black's Law Dictionary* 316 (8th ed. 2004). Through its principals, Telford and Combs, Coast to Coast "confess[ed]" to each of NRS 17.100's required averments: that Real Equity loaned it $3,000,000; that it was required to make monthly payments on the loan beginning on a certain date; that the loan must be paid in full by a certain date; that failure to make those payments would constitute default; and that, in the event of default, Real Equity could file the confessed judgment for the principal then owed on the loan. If the truth of these acknowledgments were contested—as it would be if a third-party creditor protested them or even, arguably, if Coast to Coast presented extrinsic evidence of fraud, mistake, or overreaching by Real Equity or otherwise contested the debt its principals acknowledged—the absence of an oath or jurat, subjecting the signers to the penalty of perjury, would be significant. *See State v. Pray*, 64 Nev. 179, 192-93, 179 P.2d 449, 455 (1947) (oath required for perjury prosecution). In the third-party context, the "verification by . . . oath" requirement in NRS 17.100 protects against collusive or fraudulent preferences. *See McDaniel v. Sangenino*, 412 N.Y.S.2d 400, 402-03 (App. Div. 1979). From the limited record presented here, however, it appears that the confession was used by "sophisticated parties, negotiating a complex loan." *Capital v. Tri-National Development Corp.*, 127 Cal. Rptr. 2d 360, 365 (Ct. App. 2002). As between equally sophisticated parties to a commercial transaction, the acknowledgment and lack of substantive or evidence-

based challenge to the bona fides of the transaction defeats the purely facial challenge Coast to Coast makes.[4]

We recognize that, "[i]n general, the law does not favor confession-of-judgment provisions" and that they are therefore "viewed circumspectly." 46 Am. Jur. 2d *Judgments* § 206 (2006). However, upholding the confession against Coast to Coast's facial challenge comports with the historically accepted rule that, without more, a debtor cannot avoid an otherwise valid signed confession based on his failure to verify the statements he subscribed. *Pulley v. Pulley*, 121 S.E.2d 876, 880-81 (N.C. 1961); *Los Angeles Adjustment Bureau, Inc. v. Noonan*, 5 Cal. Rptr. 445, 447-48 (Ct. App. 1960).[5] These cases distinguish between the third- and first-party contexts. In the context of a challenge by a third-party creditor, "[t]o permit judgments by confession to stand where they were entered on unsworn statements would permit collusive judgments by confession without an effective sanction in the form of prosecution for perjury against the defrauding judgment debtor." *McDaniel*, 412 N.Y.S.2d at 402-03. In the first-party commercial or nonconsumer context, however, it is the rule that "the defendant debtor himself cannot impeach a judgment entered upon a statement which he signed but which he did not make under oath." *Id.* at 403; *accord Pulley*, 121 S.E.2d at 880-81; *Los Angeles Adjustment Bureau*, 5 Cal. Rptr. at 447-48; *Mullin v. Bellis*, 90 N.Y.S.2d 27, 28 (N.Y. City Ct. 1949). If "the confession was in fact signed by the [judgment debtor/defendant] as an intended confession," *Los Angeles Adjustment Bureau*, 5 Cal. Rptr. at 448, the debtor is estopped from challenging the enforceability of his signed but unverified confession. *Pulley*, 121 S.E.2d at 882 ("We place our decision squarely upon the ground that defendant, under all the facts here, is estopped to question the validity of his own confessed judgment."); *Mullin*, 90 N.Y.S.2d at 28 ("a defendant cannot impeach a judgment which is based upon his signed statement even

---

[4]Confessions of judgment in the consumer loan or adhesion contract setting present entirely different concerns and in fact are not permitted in Nevada. NRS 604A.440(4)(b); *see* NRS 675.350(1).

[5]The issue is context-specific, as *Ataka America v. Washington West Trade Corp.*, 136 Cal. Rptr. 71, 72 (Ct. App. 1977), illustrates. In *Ataka*, the court upheld an order vacating a confession of judgment at the behest of a debtor based in part on the grounds that the confession, while signed, was not verified. The *Ataka* court distinguished *Noonan* on the grounds that the debtor before it had introduced evidence disputing the debt and, further, tending to show that his precarious financial circumstances made it likely that reversing the order vacating the confessed judgment would disadvantage third-party creditors. Neither argument has been or could be made in this case, which is a direct appeal from the confession of judgment itself, with no other documents of record to establish facts akin to those in *Ataka*.

though it be unverified or unacknowledged''); *Johnson v. Alvis*, 165 S.E. 489, 490 (Va. 1932) (''A defendant confessing judgment is estopped, in the absence of fraud, to question its validity on account of irregularities to which he did not object, or to dispute any facts set forth in the confession[.]'').

## B.

Turning to Coast to Coast's next challenge, the confession amply satisfies NRS 17.100(2), which requires that it ''state concisely the facts out of which it arose, and shall show that the sum confessed therefor is justly due, or to become due.'' The confession and its related documents describe a $3,000,000 loan, with specific repayment terms and default conditions, in which Coast to Coast agrees to entry of judgment in the event of default. The documents recite that the debt is truly owed, and they are signed by Coast to Coast, initialed on each page, and authenticated. The ''statement'' requirement in NRS 17.100 does not require more.

Equally unavailing are Coast to Coast's arguments that Real Equity violated NRS 675.350(1) in taking a confession and that the agreement was unconscionable. Both arguments depend on facts this appeal record does not contain. To challenge a confessed judgment based on facts outside of the judgment documents themselves requires a motion to vacate or separate proceeding in the trial court, so the facts may be developed. *L.R. Dean, Inc. v. Inter. Energy Resources*, 623 N.Y.S.2d 624, 625-26 (App. Div. 1995); *Barnes v. Hilton*, 257 P.2d 98, 98-100 (Cal. Ct. App. 1953). With only the bare confession and related transactional documents before the court, these fact-bound arguments cannot prevail.

Accordingly, we affirm.

PARRAGUIRRE, C.J., and DOUGLAS, J., concur.